■ In the Matter of SEVENTH JUDICIAL DISTRICT ASBESTOS LITIGATION. MATTHEW L. WAMBACH et al., Respondents, v ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants, and KEENE CORPORATION, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Defendant Keene Corporation appeals from an interlocutory judgment entered upon a jury verdict finding Keene liable for its involvement in the manufacture, distribution or sale of defective products containing asbestos and finding that Keene's conduct in the sale of those products during the years 1966-1975 was so wanton and reckless that the imposition of punitive damages was warranted. On appeal Keene contends (1) that Supreme Court abused its discretion in granting plaintiffs' motion for a joint trial of all pending asbestos cases in the Seventh Judicial District; (2) that the imposition of repetitive punitive damage awards for the same course of conduct, which resulted from the court's granting of a joint trial on the issue of punitive damages, violated Keene's right to due process under the Fourteenth Amendment of the US Constitution; (3) that the trial court erred by refusing Keene's request that the jury be instructed that plaintiffs were required to establish entitlement to punitive damages by clear and convincing evidence; and (4) that various evidentiary rulings deprived Keene of a fair trial.

Supreme Court did not abuse its discretion in directing that certain common issues be tried jointly (see, In re Asbestos Prods. Liab. Litig. [No. VI], 771 F Supp 415).

In our view, Keene's constitutional challenge to the verdict on punitive damages is premature. Supreme Court determined that the critical issues in this case be tried in two phases. During the first phase, one jury would determine common issues concerning the liability of defendants for the manufacture, distribution or sale of products containing asbestos and whether the conduct of the defendants was so wanton and reckless as to warrant the imposition of punitive damages. During the second phase, the various plaintiffs would be obliged to prove at separate trials the existence of a causal relationship between a defendant's conduct and the injuries sustained and, upon establishing causation, the amount of punitive damages that should be awarded to each plaintiff. At those second phase trials, Keene will have the opportunity to present evidence of the amount of punitive damages it has been directed to pay in prior cases for the same conduct. Until relevant facts are established in the record, the court cannot adequately review whether a particular award of punitive

damages violates New York's common-law principle that such awards be kept "within reasonable bounds considering the purpose to be achieved as well as the *mala fides* of the defendant in the particular case" *(Faulk v Aware, Inc.,* 19 AD2d 464, 472, *affd* 14 NY2d 899, *cert denied* 380 US 916; *see also, Nellis v Miller,* 101 AD2d 1002, 1003) or whether the aggregate amount of awards of punitive damages has exceeded the limits of due process *(see, Simpson v Pittsburgh Corning Corp.,* 901 F2d 277, 280-282, *cert dismissed* 497 US 1057; *Johnson v Celotex Corp.,* 899 F2d 1281, 1287-1288, *cert denied* 498 US 920).

The trial court properly instructed the jury that the evidentiary standard for proving entitlement to punitive damages is preponderance of the evidence, not clear and convincing evidence *(see, Corrigan v Bobbs-Merrill Co.,* 228 NY 58, 66; *Frechette v Special Mags.,* 285 App Div 174, 176-177; *see also, Simpson v Pittsburgh Corning Corp., supra,* at 282; *United States v Hooker Chems. & Plastics Corp.,* 748 F Supp 67, 78-80; *but see, Camillo v Geer,* 185 AD2d 192).

Lastly, there is no merit to Keene's contention that various evidentiary rulings deprived it of a fair trial. (Appeal from Judgment of Supreme Court, Monroe County, Boehm, J.—Asbestos Litigation.) Present—Green, J. P., Pine, Balio, Davis and Doerr, JJ.