■ LINDA BRIGGINS et al., Appellants, v K. YORK CHYNN et al., Respondents. [611 NYS2d 871] —Judgment, Supreme Court, Bronx County (David Levy, J.), entered on or about August 2, 1993, upon a verdict in a medical malpractice action, in favor of defendant Chynn and against plaintiffs, and bringing up for review a prior ruling dismissing the action as against defendants Nathanso and Braun at the close of plaintiffs' case, unanimously affirmed, without costs.

Plaintiff's testimony that she was not fully informed of all the possible risks of the arteriogram performed by defendant Chynn, the radiologist, was refuted by defendant Braun, plaintiff's neurologist. While a factual issue as to informed consent

may arise from divergent claims of the patient and doctor concerning the advice given *(see, Lipsius v White,* 91 AD2d 271, 280), a case of malpractice based on lack of informed consent may not be submitted to a jury in the absence of expert medical testimony to support the qualitative insufficiency of the consent (CPLR 4401-a) i.e., that a reasonably prudent person in the patient's position would not have undergone the treatment if fully informed (Public Health Law § 2805-d [3]; *see, Hylick v Halweil,* 112 AD2d 400, 401-402). There was no such proof here. Indeed, all of the experts, including plaintiff's, agreed that the arteriogram that apparently caused her stroke was the proper medical course of treatment to follow.

Nor should there be a reversal because of the trial court's questioning of the medical malpractice panel doctor, which revealed that his finding of malpractice was based simply on the fact that plaintiff's stroke came so soon after the arteriogram and not on any particular departure from proper medical practice. The court's line of inquiry was relevant to the probative worth of the panel's recommendation *(Bernstein v Bodean,* 53 NY2d 520, 528), and unlike *Felner v Shapiro* (94 AD2d 317), relied upon by plaintiff, where one side had questioned the panel doctor prior to trial and learned about a change in his testimony, here it came as much of a surprise to defendant as to plaintiff and the court that the panel doctor's opinion was based on an erroneous standard. Moreover, the attorney on the medical malpractice panel called by plaintiff testified that the finding of malpractice was based on defendant Chynn's deviation from accepted medical practice.

The verdict in favor of defendant Chynn was not against the weight of the credible evidence which included expert testimony that his performance or the arteriogram was proper. The differing testimony of plaintiff's experts raised an issue of credibility peculiarly within the province of the jury whose determination herein we find no basis to disturb *(see, Norfleet v New York City Tr. Auth.,* 124 AD2d 715, 716, *lv denied* 69 NY2d 605). Concur—Murphy, P. J. Carro, Wallach, Asch and Tom, JJ.