■ AUGUSTUS JOHN, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORP., Appellant. [652 NYS2d 15] —Judgment, Supreme Court, New York County (Alice Schlesinger, J., and a jury), entered November 9, 1995, in favor of plaintiff and against defendant-appellant New York City Health and Hospitals Corp. in the amount of $8,335,000, unanimously affirmed, without costs.

Appellant's challenges to the testimony of plaintiff's expert witnesses and the summation of plaintiff's attorney are unpreserved for failure to object (*see, Laniado v New York Hosp.*, 168 AD2d 341, *lv denied* 78 NY2d 853; *Smith v City of New York*, 217 AD2d 423), and, in any event, without merit. The experts' testimony conveyed an assurance that it was not based on supposition or speculation, "though not solicited or expressed in terms of the particular combination of magical words represented by the phrase 'reasonable degree of medical certainty' " (*Matott v Ward*, 48 NY2d 455, 463). If appellant deemed the basis for the opinions to be insufficient, it should have either elicited such on cross-examination (CPLR 4515) or presented rebuttal evidence. Counsel's summation was within the "wide

latitude" permitted in closing arguments (*Califano v City of New York*, 212 AD2d 146, 154-155).

The total award of $8,335,000 did not deviate materially from what would be reasonable compensation under the circumstances (CPLR 5501 [c]). The award of $385,000 for lost future earnings was only slightly higher than what would have been plaintiff's salary over the course of his 14-year work-life expectancy. The award of $444,000 for past medical expenses indicates that the jury took into consideration that some of the treatment plaintiff received was for a prior, unrelated injury, since the total hospital cost following his accident was $663,737. The award of $925,000 for future medical expenses was supported by the experts' testimony that plaintiff would need additional amputations higher up on his legs; replacement of his prosthetic devices about every four years and constant adjustments and refittings; constant monitoring of his heart and lungs; a psychiatric social worker for three to five years; a psychiatrist to administer medication for an "indefinite" amount of time; and ongoing physical therapy several times a week.

Similarly, the awards of $2.5 million for $4\frac{1}{2}$ years past pain and suffering, and $4 million for 25 years future pain and suffering, were reasonable, considering that plaintiff underwent six surgical procedures, culminating in the amputation of both legs below the knee; the constant pain plaintiff did and will continue to suffer; the four years of physical and mental rehabilitation for which plaintiff was hospitalized; the future psychiatric treatment plaintiff will require; the back and hip pain plaintiff will suffer as a result of using the prosthetic devices; and the inability to return to his former employment or recreations (*cf.*, *Sladick v Hudson Gen. Corp.*, 226 AD2d 263). Concur—Ellerin, J. P., Wallach, Williams, Tom and Andrias, JJ.