■ KALIK BENEFIELD et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [687 NYS2d 370] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about August 18, 1997, which imposed sanctions upon defendant for attempting to file a motion for summary judgment shortly after the court had denied virtually the same relief by declining to sign an order to show cause, unanimously affirmed, without costs or disbursements.

The infant plaintiff sustained injuries in 1987. The matter was scheduled for trial some 10 years later on July 9, 1997, at which time defendant presented an order to show cause why an order should not be entered granting summary judgment. The Supreme Court declined to sign the order. The following day, defendant attempted to file a motion for summary judgment, but a clerk of the court declined upon consultation with the IAS Court to accept the motion. Thereafter, the IAS Court

held a hearing to determine whether sanctions should not be imposed upon defendant and at the conclusion of the hearing, assessed a sanction of $1,000 against the Housing Authority.

In view of the fact that defendant's order to show cause for summary judgment dismissal was not submitted until the day that the matter was set to proceed to trial, some 10 years after the accident, and was immediately followed by a motion for the same relief, the court properly found that the successive belated applications had been undertaken primarily to delay or prolong the resolution of the litigation. Further, defendant's long delay in seeking summary judgment was a strong indication that defendant was not interested in an expeditious resolution of the personal injury claim and therefore its conduct herein was "frivolous." While the defendant also asserts that the IAS Court failed to comply with the dictates of 22 NYCRR 130-1.2 providing, in relevant part, that the court may impose sanctions "only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate," the court, in its short-form order, did note that the Housing Authority "must pay sanctions in the amount of $1,000," "for attempting to file a motion for summary judgment a few days after this court denied in essence the same relief requested by not signing an Order to Show Cause." Since there is no requirement that the dictates of section 130-1.2 be followed in any rigid fashion, the court's decision was sufficient to set forth the conduct on which the award was based, the reasons why it found this conduct to be frivolous and the amount to be appropriate. Concur—Nardelli, J. P., Williams, Wallach and Rubin, JJ.