■ LAURA HOLTZ, Appellant, v WILDENSTEIN & CO., INC., et al., Respondents. [693 NYS2d 516] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered January 16, 1998, upon a jury verdict in defendants' favor dismissing the complaint, unanimously affirmed, without costs.

Contrary to plaintiff's contention, the trial court properly determined to submit to the jury only her claim for battery and not her claim for assault. To sustain a claim for assault there must be proof of physical conduct placing plaintiff in imminent apprehension of harmful contact (*Hassan v Marriott Corp.*, 243 AD2d 406, 407; *see also, Charkhy v Altman*, 252 AD2d 413). Here, there was no such proof. The complained of conduct, an impulsive reaching motion in plaintiff's direction by her supervisor promptly avoided by plaintiff as she briskly left the supervisor's office, cannot have engendered in plaintiff the requisite imminent apprehension of harmful contact. Nor, contrary to plaintiff's argument, was there error in the trial court's charge upon the submitted battery claim.

Plaintiff also contends that the court should not have permitted her character to become an issue at trial and should not have allowed testimony from defendants' psychiatric expert. However, apart from plaintiff's failure to object to this evidence, rendering her present claim of error unpreserved (*see, John v City of New York*, 235 AD2d 210; *Smith v City of New York*, 217 AD2d 423), her argument is without merit since, by alleging in her complaint that she had been so traumatized by defendants' conduct as to suffer ensuing psychological fears, stress and depression, plaintiff placed her mental condition at issue.

We have considered plaintiff's remaining arguments and find

them to be unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Lerner and Buckley, JJ.