■ Janice McKnight et al., Appellants, v LaGuardia Hospital et al., Defendants, and Scott Blinkoff et al., Respondents. [693 NYS2d 620] —In an action to recover damages for personal injuries, etc., based on medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lisa, J.), dated June 12, 1997, which, upon a jury verdict in favor of the defendants Dr. Emma Lugo Santiago, Dr. Tae Sue Hong, Dr. Sheelawanti, the Queens Long Island Medical Group, Dr. Scott Blinkoff, and Dr. Yardley Pierre-Jerome, and against them, is in favor of those defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The decedent, William McKnight, was diagnosed in April 1994 with leiomyosarcoma, a rare gastric tumor that comprises less than one percent of all gastric cancers in the United States. The plaintiffs' action, *inter alia,* to recover damages for medical malpractice was based on the theory that the defendants failed to timely diagnose the decedent's condition although they had had several opportunities to do so in 1990 and 1992.

The plaintiffs maintain that the jury verdict is against the weight of the evidence because of conflicting testimony and the fact that none of the defendant doctors ever reviewed 1990

X-ray films of the decedent. The plaintiffs' expert theorized that the decedent had a benign tumor in 1990 which, because it was undetected and allowed to grow, became malignant. In contrast, the defendants' expert testified that the decedent's tumor was not present in 1990 or 1992. This conflicting testimony simply presented a question of fact for the jury, whose verdict was based on a fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744, 746; Dooley v Skodnek, 138 AD2d 102; Nicastro v Park, 113 AD2d 129).

The plaintiffs' remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.