■ The People of the State of New York, Respondent, v Torey Waters, Appellant. [700 NYS2d 684] —Judgment, Supreme Court, New York County (James Yates, J.), rendered May 9, 1996, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant's arguments are similar to those this Court rejected on the codefendant's appeal (*see, People v Andrews*, 243 AD2d 321, *lv denied* 91 NY2d 923), and we see no reason to reach a different result herein. The court properly refused to preclude testimony as a sanction for the technician's accidental erasure of the 911 tape during the process of copying. In light of the existence and use of the contemporaneous computer report, the loss of the tape caused no prejudice to defendant (*see, People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077). Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Buckley, JJ.

■ Susan H. Brady et al., Appellants, v Sheldon Blittner, Defendant, and Carlyle Realty Group Corp. et al., Respondents. [700 NYS2d 685] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 9, 1998, which, to the extent appealed from, imposed sanctions upon plaintiffs' counsel in the amount of $10,000, based upon counsel's frivolous conduct in prosecuting the underlying litigation, unanimously affirmed, with costs.

As the record discloses that the instant action against defendants Carlyle Realty and Murray Silver was commenced by plaintiffs' counsel without legal basis, the motion court's imposition of sanctions against plaintiffs' counsel constituted a proper exercise of discretion (22 NYCRR 130-1.1 [a]). Bearing in mind that there is no requirement that the procedural dictates of 22 NYCRR 130-1.2 be followed "in any rigid fashion" (*Benefield v New York City Hous. Auth.*, 260 AD2d 167, 168), we find that the motion court sufficiently set forth the conduct and rationale supporting its imposition of sanctions and find the amount of the penalty to have been appropriate. We have considered the remaining arguments raised by plaintiffs' counsel and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Buckley, JJ.