■ SANDRA DUNCAN, as Temporary Administratrix of the Estate of DONALD E. LEWIS, Deceased, Appellant, v MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS et al., Defendants, and ALFRED J. BAX et al., Respondents. (Appeal No. 2.) [709 NYS2d 459] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ. [*See, Duncan v Mount St. Mary's Hosp.*, 176 Misc 2d 201.]

■ SANDRA DUNCAN, as Temporary Administratrix of the Estate of DONALD E. LEWIS, Deceased, Appellant, v MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS et al., Respondents, et al., Defendants. (Appeal No. 3.) [707 NYS2d 564] —Amended judgment unanimously affirmed without costs. Memorandum: In this medical malpractice action, Supreme Court's reference to foreseeability in the jury charge does not constitute reversible error (*see, Garcea v Kiman*, 224 AD2d 190). Although the court's initial general instruction on negligence included a reference to foreseeability, that reference did not affect the court's subsequent clear instructions concerning the duty that defendant surgeons and anesthesiologists owed plaintiff's decedent, as determined by the physician-patient relationship (*see, Barracca v St. Francis Hosp.*, 237 AD2d 396). The court's instruction on the malpractice standard was in all respects proper (*see, Garcea v Kiman, supra*; PJI 2:150).

The court properly denied plaintiff's motion to strike the testimony of defendants' expert witness as speculative. "[C]onsidering the totality of [the] testimony of [defendants' expert witness] rather than focusing narrowly on single answers," we conclude that the expert's testimony conveyed an assurance that it was not based on either supposition or speculation (*Matott v Ward*, 48 NY2d 455, 462-463; *see, John v City of New York*, 235 AD2d 210).

Although the court erred in precluding plaintiff from reading portions of the deposition testimony of a defendant physician with respect to the length of time that elapsed before another defendant surgeon attempted to create a surgical airway for plaintiff's decedent, the error is harmless in view of the speculative and uncertain nature of the deposition testimony.

The court properly denied plaintiff's request for a missing witness instruction with respect to defendants' failure to call an expert witness. The testimony of that expert witness would have been cumulative to that of another medical expert witness who testified at trial for defendants (*see, Contorino v Florida OB/GYN Assn.*, 259 AD2d 460; *Bonner v Lee* [appeal No. 2], 255 AD2d 1005). For the same reason, the court did not abuse its discretion in precluding plaintiff's counsel from commenting during summation about defendants' failure to call such witness (*see, Godfrey v Dunn*, 190 AD2d 896, 897).

The jury verdict of no cause of action in favor of defendant Charles D. Rice, M.D., the surgeon who operated on plaintiff's decedent, is not against the weight of the evidence. The conflicting evidence on the issue whether Dr. Rice created a surgical airway in a timely manner presented a question of fact for the jury, whose verdict is supported by a fair interpretation of the evidence (*see, McKnight v LaGuardia Hosp.*, 263 AD2d 500, *lv denied* 94 NY2d 756; *Holmes v Weissman*, 251 AD2d 1078, 1079; *Gallmeyer v Sullivan* [appeal No. 1], 245 AD2d 1024).

Although defendants' counsel improperly appealed to the jury's sympathy by commenting on summation that an unfavorable verdict would be the same as convicting defendant physicians of "taking the life of another man" (*see, Wallace v Booth Mem. Hosp.*, 163 AD2d 917), plaintiff did not object to that comment or any other comments, and the issue therefore has not been preserved for our review (*see, Balsz v A & T Bus Co.*, 252 AD2d 458). In any event, we conclude that the comments did not deprive plaintiff of a fair trial (*see, Wallace v Booth Mem. Hosp., supra*). (Appeal from Amended Judgment of Supreme Court, Erie County, Sconiers, J. —Negligence.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ. [*See, Duncan v Mount St. Mary's Hosp.*, 176 Misc 2d 201.]