[731 NYS2d 51]

In the Matter of MASON B. PIMSLER (Admitted as MASON BLAKE PIMSLER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 1, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Meyer, Suozzi, English & Klein, P. C.,* Mineola (*Robert N. Zausmer* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing five charges of professional misconduct. After a hearing, the Special Referee sustained all five charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves to disaffirm so much of the Special Referee's report as sustained Charge Four based upon the allegations contained in paragraphs (A) (2) and (3), and to impose such discipline upon him as the Court deems reasonable and appropriate.

Charge One alleges that the respondent was convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On or about July 30, 1999, the respondent pleaded guilty in Supreme Court, Queens County, to criminal impersonation in the second degree (*see,* Penal Law § 190.25), a class A misdemeanor, and was sentenced on or about December 6, 1999, to a term of three years' probation.

Charge Two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Commencing in April 1999, the respondent engaged in a pattern and practice of intercepting telephone messages left with the answering service for the firm of Rosenberg, Minc & Armstrong by impersonating Daniel Minc, Esq. Using the intercepted messages, the respondent contacted potential clients of Rosenberg, Minc & Armstrong, solicited retainers from them to perform legal services, and falsely asserted that he was working with or had a relationship with the firm.

Charge Three alleges that the respondent improperly solicited professional employment, in violation of Code of Professional Responsibility DR 2-103 (22 NYCRR 1200.8) and Judiciary Law § 479, based on the factual allegations in Charge Two.

Charge Five alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8)

(now [7]) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations in Charges One, Two, Three, and Four.

Based upon the respondent's admissions and the evidence adduced, the Special Referee properly sustained Charges One, Two, Three, and so much of Charge Five as is predicated upon the factual allegations in Charges One, Two, and Three. As the petitioner did not meet its burden of proof as to Charge Four, the Special Referee improperly sustained it. Therefore, the petitioner's motion to confirm the Special Referee's report is granted only to the extent of Charges One, Two, Three, and so much of Charge Five as is predicated upon the factual allegations in Charges One, Two, and Three, and is denied with respect to Charge Four. The respondent's cross motion is granted to the extent that Charge Four is not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his youth, inexperience as an attorney, and lack of maturity in coping with the "pressure cooker" atmosphere of Mallilo & Grossman, the law firm where he worked, which caused him to succumb to his perceived fear of losing his job if he failed to bring in business. He further emphasizes his cooperation with law enforcement authorities and the petitioner, his voluntary attendance of psychiatric therapy to address the behavior which led him to engage in this misconduct, his good character and professional competence as shown by the character letters submitted, his charitable activities, and his sincere and genuine remorse.

Notwithstanding the mitigation offered by the respondent, and his previously unblemished record, he is guilty of serious professional misconduct. Accordingly, he is disbarred.

Bracken, P. J., O'Brien, Ritter, Santucci and Feuerstein, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that Charges One, Two, Three, and so much of Charge Five as is predicated upon those charges are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charge Four is not sustained; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mason B. Pimsler, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mason B. Pimsler is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.