*44 OPINION OF THE COURT
Per Curiam.
Order entered on or about May 30, 2003 affirmed, with $10 costs.
The imposition of sanctions pursuant to 22 NYCRR 130-1.1 is a matter entrusted to the sound discretion of the trial court (see Matter of Nestor v New York State Div. of Hous. & Community Renewal, 257 AD2d 395, 397 [1999], lv dismissed in part and denied in part 93 NY2d 982 [1999]). Civil Court providently exercised its discretion in granting petitioner Trinity Church’s unopposed cross motion for sanctions, based upon respondent’s patently frivolous, eve-of-trial motion to dismiss the underlying nonpayment summary proceeding for petitioner’s alleged lack of standing. The lack of standing argument advanced by respondent is not only belied by the clear and unequivocal provisions of the parties’ March 15, 2002 letter agreement, by which respondent expressly “acknowledge^]’’ petitioner’s status as assignee of the governing sub-sublease and ££agree[d] to pay all amounts due” therein to petitioner, but represents a complete reversal of respondent’s prior insistence, in the context of its successful defense of an earlier nonpayment proceeding commenced by another entity, that Trinity Church was the proper party petitioner ££entitled to maintain a summary proceeding” against it. In light of the baseless foundation of respondent’s lack of standing argument and the inconsistent positions taken by respondent in the successive nonpayment proceedings, respondent’s dismissal motion appears to be nothing more than a vehicle to delay or prolong the resolution of the litigation (see Benefield v New York City Hous. Auth., 260 AD2d 167, 168 [1999]; Pahl Equip. Corp. v Kassis, 182 AD2d 22, 32-33 [1992], lv dismissed in part and denied in part 80 NY2d 1005 [1992]). Bearing in mind that there is no requirement that the procedural dictates of 22 NYCRR 130-1.2 be followed “in any rigid fashion” (Benefield v New York City Hous. Auth., 260 AD2d at 168), we find the form of the court’s written decision sufficient to support its imposition of sanctions. The amount of the sanction — $1,000 in costs — was within reasonable limits and, indeed, is not challenged on appeal.
We note finally our disapproval of the inclusion in respondent-appellant’s reply brief on appeal of an ad hominem attack against the motion court, conduct which itself could support an award of sanctions (see Nachbaur v American Tr. Ins. *45 Co., 300 AD2d 74, 75-76 [2002], lv dismissed 99 NY2d 576 [2003], cert denied 538 US 987 [2003]).
McCooe, J.E, and Davis, J., concur.