■ ADRIAN CHOLEWINSKI et al., Respondents, v H. JAY WISNICKI, M.D., et al., Appellants, et al., Defendants. [801 NYS2d 576]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about October 7, 2004, which, following a jury trial in this medical malpractice action, granted plaintiffs' post-trial motion to set aside the jury's verdict in favor of defendants Dr. H. Jay Wisnicki and Beth Israel Medical Center and ordered a new trial, unanimously reversed, on the facts, without costs, and the verdict reinstated.

The trial court erred in granting plaintiffs' motion to set aside the verdict as against the weight of the evidence. "[I]n the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d 129, 133 [1985]; *accord McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). Moreover, "particular deference has traditionally been accorded to jury verdicts in favor of defendants in tort cases" (*Nicastro*, 113 AD2d at 134; *accord McDermott*, 9 AD3d at 206), "especially if resolution of the case turns on evaluation of conflicting expert testimony" (*Fontana v Kurian*, 214 AD2d 832, 833 [1995], *lv denied* 86 NY2d 707 [1995]).

Accordingly, a trial court may not interfere with a jury's fact-finding process simply because it disagrees with its finding or would have reached a contrary conclusion based on different credibility determinations (*McDermott*, 9 AD3d at 206). Further, a motion to set aside a verdict as against the weight of the evidence should only be granted where the verdict is "palpably wrong and the jury could not have reached its conclusion upon any fair interpretation of the evidence" (*Rivera v 4064 Realty Co.*, 17 AD3d 201, 203 [2005]). While a trial court may view the evidence differently, it may not "substitute such alternative evaluation unless these exacting standards are first met" (*id.*).

On this record, we find that the verdict was based on a fair interpretation of the evidence and should not have been disturbed. Specifically, there was ample evidence in the record by appellants' expert and other witnesses from which the jury

could fairly infer that, although infant plaintiff had sustained an eye injury a week earlier, the injury could not be seen during his first visit to appellant doctor. Appellant doctor was unable to examine infant plaintiff's eye more extensively because of its location under the eyelid and because infant plaintiff was so uncooperative that appellant was also unable to use a slitlamp. Further, there was evidence in the record that, upon initial examination, there was no indication of any fluid, other than tears, leaking from the eye, or any indication that infant plaintiff had a more serious injury at that time. Thus, the jury had a rational basis to support its conclusion that appellant doctor did not depart from good medical practice in scheduling a second appointment two weeks later to complete the examination. To the extent the experts' testimony differed, this "raised an issue of credibility peculiarly within the province of the jury" (*Briggins v Chynn*, 204 AD2d 158, 159 [1994]).

The court's sua sponte determination that the verdict should be set aside in the interest of justice was also error. The record does not demonstrate that appellants' expert's conduct—though inappropriate at times—created a hostile environment or affected the jury's deliberations or verdict, despite the fact that the court admonished the witness, outside the jury's presence, on several occasions (*cf. Smith v Au*, 8 AD3d 1 [2004]; *Panzarino v Jeffrey A. Weisberg, M.D., P. C.* , 257 AD2d 483 [1999], *appeal dismissed* 93 NY2d 998 [1999]; *Price v New York City Hous. Auth.*, 244 AD2d 186 [1997], *affd* 92 NY2d 553 [1998]). The fact that appellant's expert did not employ "the particular combination of magical words represented by the phrase 'reasonable degree of medical certainty' " does not warrant setting aside the verdict in the interest of justice on this record (*Matott v Ward*, 48 NY2d 455, 463 [1979]; *accord John v City of New York*, 235 AD2d 210 [1997]). The court's further consideration of the severity of infant plaintiff's injury as a basis to set aside the verdict as to liability was error, as damages are wholly irrelevant to the question of liability.

Finally, in light of our determination, we need not reach appellants' remaining contention regarding the timeliness of plaintiff mother's derivative cause of action. Concur—Andrias, J.P., Marlow, Sullivan and Nardelli, JJ. [*See* 5 Misc 3d 1009(A), 2004 NY Slip Op 51301(U) (2004).]