Order, Supreme Court, New York County (Rosalyn Richter, J.), entered June 14, 2005, which granted defendant law firm’s motion to set aside the verdict with respect to the award of punitive damages against it, granted that portion of the individual defendant’s motion to conditionally reduce the punitive damage award against him and denied that portion of his motion seeking to set aside the award of compensatory damages as against the weight of the evidence, unanimously affirmed, without costs.
This is an action by a law firm against the associate of another law firm and his former firm, seeking damages for the associate’s interception of plaintiffs telephone messages from prospective clients after regular business hours by impersonating a member of plaintiff firm in retrieving the messages and then contacting the prospective clients. The associate was convicted of criminal impersonation and was disbarred (Matter of Pimsler, 286 AD2d 82 [2001]). In addition to seeking damages representing the fees attributable to the misdirected potential clients, plaintiff sought damages for the misappropriation of its expenditures for the phone message service and for its advertising.
The punitive damage award against defendant firm was *336 properly set aside because it was not established, under the standard of either clear and convincing evidence (see Matter of Seventh Jud. Dist. Asbestos Litig., 190 AD2d 1068, 1069 [1993]) or preponderance of the evidence (see Munoz v Puretz, 301 AD2d 382, 384 [2003]), that its conduct exhibited the requisite high degree of moral turpitude. The trial court properly declined to instruct the jury that punitive damages may be awarded for unjust enrichment (Hutton v Klabal, 726 F Supp 67, 73 [SD NY 1989]); such a cause of action effects disgorgement without regard to moral culpability (see generally Simonds v Simonds, 45 NY2d 233, 242 [1978]).
The award of compensatory damages against the individual defendant was based on a fair interpretation of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [2004]). There was expert testimony that plaintiff was deprived of clients who would have retained it from referrals by those whose messages were intercepted, and testimony as to the diminution in value of plaintiffs expenditures as a result of this defendant’s misconduct. In view of plaintiffs business history, the award in this regard was not speculative (see e.g. Locke v Aston, 1 AD3d 160, 161-162 [2003]). Given the relatively small compensatory award and the egregious nature of the individual defendant’s misconduct, the punitive damage award against him was not excessive (see State Farm Mut. Automobile Ins. Co. v Campbell, 538 US 408, 424-425 [2003]; BMW of North America, Inc. v Gore, 517 US 559, 582 [1996]; see also e.g. Brown v LaFontaine-Rish Med. Assoc., 33 AD3d 470 [2006]; New Jersey Steel Corp. v Lutin, 297 AD2d 557 [2002], lv denied 100 NY2d 503 [2003]). Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.