*423 Judgment, Supreme Court, New York County (Joan B. Carey, J., and a jury), entered August 3, 2007, in defendants’ favor in an action for medical malpractice arising out of LASIK eye surgery, unanimously affirmed, without costs.
Considering the evidence in the light most favorable to the prevailing party (see Mazariegos v New York City Tr. Auth., 230 AD2d 608, 610 [1996]), the verdict in defendants’ favor on plaintiffs informed consent claim was not against the weight of the evidence, i.e., it could have been reached on a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). The consent form signed by plaintiff, who is a lawyer, warned, “it is impossible to list every conceivable complication”; the jury could have credited the opinion of one of defendants’ experts that not every risk has to be disclosed in order to obtain informed consent; and the jury could have discredited the opinion of one of plaintiffs experts that plaintiff had a 100% risk of developing daytime glare, halos, and aberrations. “[P] articular deference has traditionally been accorded to jury verdicts in favor of defendants in tort cases, especially if resolution of the case turns on evaluation of conflicting expert testimony” (Cholewinski v Wisnicki, 21 AD3d 791, 791 [2005] [internal quotation marks and citations omitted]).
Nor did the trial court’s evidentiary rulings deprive plaintiff of a fair trial. Plaintiffs current arguments that defendants improperly cross-examined one of his experts about his Web site, and plaintiff about his income, are unpreserved, as plaintiff did not object to those questions at trial (see Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984]). Defendants’ attorney’s reference to Tiger Woods’s level of myopia, while cross-examining plaintiffs expert about his opinion that plaintiffs level of myopia was too high for LASIK surgery, was brief—two pages in a 2,840-page trial transcript—and the trial court ordered that the exchange be stricken from the record and instructed the jury that they could not consider stricken testimony or unanswered questions. The jury is presumed to have followed the court’s instructions (see People v Davis, 58 NY2d 1102, 1104 [1983]). Defendants’ expert, testifying about the standard of care at the time of plaintiffs surgery in 2000, was properly permitted to rely on articles from 1999-2000 journals that were well-respected and accepted by experts in the *424 field (see People v Sugden, 35 NY2d 453, 459 [1974]). Assuming without deciding that this expert should not have been permitted to testify that the articles said that there was a high satisfaction rate even at high levels of myopia, the error was harmless as such testimony was a very small part of defendants’ evidence as to the standard of care in 2000. Assuming without deciding that plaintiff’s expert should not have been cross-examined about an article that he did not acknowledge as authoritative, having only recognized the journal from which the article came as authoritative, the error was harmless as other secondary sources that he did recognize as authoritative said much the same thing.
We have considered plaintiffs other arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.