Order, Supreme Court, New York County (Paul Wooten, J.), *566 entered April 4, 2012, which, inter alia, granted defendant’s motion to dismiss the complaint and for the imposition of sanctions against plaintiff and her attorney, and denied plaintiffs motion to disqualify defendant’s attorney, unanimously affirmed, without costs.
The court properly dismissed the cause of action for battery since the claimed offensive contact made during defendant’s attempts to resume sexual contact with plaintiff was not “wrongful under all the circumstances,” and was belied by the allegations of the complaint (Messina v Alan Matarasso, M.D., F.A.C.S., P.C., 284 AD2d 32, 35 [1st Dept 2001] [internal quotation marks omitted]). The court also properly dismissed the assault claim because, like the battery claim, plaintiffs assertion that she was placed in imminent apprehension of harmful contact by defendant’s sexual advances was contradicted by the allegations of the complaint (see Holtz v Wildenstein & Co., 261 AD2d 336 [1st Dept 1999]).
The court properly determined that plaintiffs claims of false imprisonment and intentional infliction of emotional distress were without merit. Plaintiff did not allege that defendant intended to confine her and there is nothing in the complaint suggesting that defendant did anything to lead her to believe that she could not leave (see Arrington v Liz Claiborne, Inc., 260 AD2d 267 [1st Dept 1999]). Nor did plaintiff allege conduct that approaches the level of outrageousness or extremity necessary to support a claim of intentional infliction of emotional distress or a causal connection between the alleged conduct and plaintiffs claimed distress (see Howell v New York Post Co., 81 NY2d 115, 121-122 [1993]).
In view of plaintiffs baseless claims alleging false imprisonment and intentional infliction of emotional distress, as well as the conduct of plaintiff and her attorney undertaken primarily to harass or maliciously injure defendant, the court properly granted defendant’s motion for sanctions (see 22 NYCRR 130-1.1 [a], [c]; 130-1.2). Plaintiff and her attorney were afforded a reasonable opportunity to be heard on the motion for sanctions, and the court’s written decision appropriately set forth the conduct on which the imposition of sanctions was based, the reasons why the conduct was frivolous, and the reasons why the amount of sanctions imposed was appropriate (see 22 NYCRR 130-1.1 [d]; 130-1.2; Benefield v New York City Hous. Auth., 260 AD2d 167 [1st Dept 1999]).
The court did not abuse its discretion in refusing to disqualify defendant’s attorney (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446 [1987]).
*567 We have considered plaintiffs remaining arguments and find them unavailing.
We do, however, decline to impose sanctions against plaintiff and her attorney for pursuing this appeal. Concur—Mazzarelli, J.E, Sweeny, Freedman and Gische, JJ. [Prior Case History: 2012 NY Slip Op 30866(11).]