## PH-105 Realty Corp v Elayaan

2024 NY Slip Op 33532(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 656160/2016

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK

*Justice*

----------------------------------------------------------------------X

PH-105 REALTY CORP, 12 WHITWELL PLACE, LLC,181 EDGEWATER LLC,FARHOUD JABER,

Plaintiff,

- v -

MUNZER ELAYAAN, PH-FULTON CORP., JOHN AND JANE DOES 1-20, XYZ CORPORATION/LLCS 1-20,

Defendant.

--------------------------------------------------------------------X

| PART | 11M |
|---|---|

| INDEX NO. | 656160/2016 |
|---|---|
| MOTION DATE | 04/23/2024, 04/23/2024 |
| MOTION SEQ. NO. | 021 021 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 021) 682, 683, 684, 685, 686, 687, 688, 689, 709, 710, 711, 712, 713, 714, 715, 716, 717, 718, 719, 720, 721

were read on this motion to/for                    MISCELLANEOUS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 021) 682, 683, 684, 685, 686, 687, 688, 689, 709, 710, 711, 712, 713, 714, 715, 716, 717, 718, 719, 720, 721

were read on this motion to/for                    SET ASIDE VERDICT                    .

Upon the foregoing documents, plaintiff's motion to set aside the verdict or alternatively to direct a verdict in favor of plaintiff on his unjust enrichment claim is denied.

## Background

This motion arises from a dispute over an ownership interest in 181 Edgewater LLC ("Edgewater") and the associated real property at 181 Edgewater Street, Staten Island, New York ("Property"). Plaintiff Jaber ("Plaintiff") filed a claim in late 2016 where he alleged that Defendant Elayaan ("Defendant") unlawfully removed Plaintiff as managing member of 181 Edgewater LLC and alleged that Defendant unlawfully deprived Plaintiff of the Property. The parties had a trial beginning February 9, 2024. Prior to the trial, the First Department applied the doctrine of tax estoppel and held that Defendant was estopped from taking a position contrary to the factual statements made in corporate tax returns, namely, that Plaintiff was a 75% owner of

656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER
Motion No.  021 021

Page 1 of 6

the Property during the years 2010 to 2014. *PH-105 Realty Corp. v. Elayaan*, 183 A.D.3d 492 (1st Dept. 2020). At trial, the jury found that 1) Plaintiff was currently a 75% owner of Edgewater, 2) Edgewater was the current owner of the Property, and 3) that Defendant was not unjustly enriched.

Plaintiff now moves asking the Court, pursuant to CPLR § 4404(a), to either set aside the verdict on the unjust enrichment claim and order a new trial on that claim, or to direct a verdict for Plaintiff on the unjust enrichment claim and either award Plaintiff a fixed sum or order a new trial regarding damages. Defendant opposes the motion on the grounds that Plaintiff has failed to meet his burden both on the underlying unjust enrichment claim and for setting aside the jury verdict. For the reasons discussed below, Plaintiff's motion is denied.

**Standard of Review**

Under CPLR § 4404(a), a court may set aside a verdict and either direct a judgment or order a new trial when "the verdict is contrary to the weight of the evidence [or] in the interest of justice." The court should when considering such a motion "decide whether substantial justice has been done [and] whether it is likely that the verdict has been affected." *Morency v. Horizon Transp. Servs. Inc.*, 139 A.D.3d 1021, 1023 (2nd Dept. 2016). The court also must "construe the evidence from the trial record in the light most favorable to the non-moving party." *Fantazia Int'l v. CPL Furs New York, Inc.*, 20 Misc. 3d 1113(A) (Sup. Ct. N.Y. Cnty. 2008).

The well-settled standard for making a determination that a jury's finding was against the weight of evidence is when the "evidence at trial so preponderated in favor of movant that the verdict could not have been reached on any fair interpretation of the evidence." *Monzon v. Porter*, 173 A.D.3d 1779, 1779 (4th Dept. 2019). A motion to set a verdict as against the weight of the evidence "should only be granted where the verdict is 'palpably wrong'." *Cholewinski v.*

656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER
Motion No.  021 021

Page 2 of 6

2 of 6

*Wisnicki*, 21 A.D.3d 791 (1st Dept. 2005), *quoting Rivera v. 4064 Realty Co.*, 17 A.D.3d 201, 203 (1st Dept. 2005).

**Discussion**

Ultimately, Plaintiff fails to sufficiently meet the burden for overturning a jury verdict as regards the unjust enrichment claim. Considering the trial record in the light most favorable to Defendant, the jury can be rightly said to have reached their decision on a fair interpretation of the evidence. The verdict also cannot be said to be palpably wrong. Plaintiff advances several reasons why the jury verdict on unjust enrichment should be overturned, none of which manage to overcome the fact that the evidence presented at trial was sufficient to support the jury's finding.

Plaintiff first argues that because Plaintiff was the 75% owner of the Property, it necessarily follows that Defendant's actions constituted unjust enrichment. But to succeed on this claim, Plaintiff must establish all elements of unjust enrichment, albeit with the aid of the First Department's determination regarding tax estoppel. For while the First Department held that Defendant is estopped from taking a position contrary to the tax records, those tax records do not in themselves establish a claim of unjust enrichment. The elements of unjust enrichment are 1) the defendant was enriched 2) at the plaintiff's expense and 3) it is against equity and good conscience to permit defendant to retain what is being sought to be recovered. *Mandarin Trading Ltd. V. Wildenstein*, 16 N.Y.3d 173, 181 (2011). Because this is a motion to set aside the verdict, to succeed here Plaintiff must have established their claim at trial to the extent that no fair interpretation of the evidence could have reached a decision otherwise.

In the light most favorable to Defendant, here the jury could have found (in a fair interpretation of the evidence) that Plaintiff did not establish all elements of an unjust enrichment

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  021 021**

**Page 3 of 6**

[* 3]

claim. First and foremost, the final element of equity and good conscience allows for the jury to decide that the Defendant was not unjustly enriched even if the jury believes the other two elements were established. But here there is evidence presented at trial that a jury could fairly interpret as defeating a claim of unjust enrichment, even accepting that Plaintiff was 75% owner and Defendant at times exercised exclusive dominion and control over the Property. Evidence, including testimony and tax records, was presented at trial that Defendant lost money on the Property, going to the first element. Even assuming *arguendo* that the fact that Plaintiff was 75% owner and Defendant exercised exclusive dominion and control over the Property establishes that any enrichment of Defendant was done at Plaintiff's expense (although the inference here should be drawn in favor of Defendant), there was sufficient evidence going to the other two elements to support the jury's decision.

Plaintiff then argues that the Court erred in permitting Defendant to question Plaintiff at trial about Plaintiff's capital contributions to Edgewater. Plaintiff claims that by questioning Plaintiff at trial about capital contributions to Edgewater, Defendant was allowed to take a position contrary to the one dictated by the First Department. The First Department's decision specifically estopped Defendant from taking a position contrary to the corporate tax returns for the years 2010 to 2014 and from denying Plaintiff's "75% ownership interest". *PH-105 Realty* at 492. Specifically, the First Department stated that "it does not follow that plaintiffs are entitled to summary judgment . . . on their alternative unjust enrichment claim." *Id.* at 493. Therefore, it necessarily follows that Defendant was not unjustly enriched as a matter of law and Plaintiff needed to have made out a viable unjust enrichment claim at trial in order to succeed. Defendant's questioning of Plaintiff as to certain elements of that claim do not contradict the statement on the tax records that Plaintiff had a 75% ownership interest in Edgewater. The Court

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**          **Page 4 of 6**
**Motion No.  021 021**

4 of 6

did not err in permitting Plaintiff to testify to any capital contributions to Edgewater or lack thereof.

Plaintiff also argues that the Court committed a reversable error in precluding certain documents during the trial. Certain alleged invoices were precluded at trial on the grounds of authenticity, irrelevancy, and hearsay. Plaintiff argues that the invoices were admissible because they were relevant to the unjust enrichment claim and that they are subject to a hearsay exception as admissions by Defendant. To begin with, any error in precluding the documents was harmless, as they are only dated from the period 2010 to 2011, and Plaintiff alleges that Defendant was unjustly enriched starting in 2015. But furthermore, there were adequate grounds for precluding the documents at trial, including the fact that the only witness Plaintiff questioned on the invoices (Defendant) denied any knowledge of them, going to issues with the authenticity of the documents and laying the foundation.

Plaintiff then claims that the Court erred when it denied Plaintiff the chance to pursue punitive damages. Plaintiff argues that the jury was entitled to decide the question of punitive damages given "the fact that the record firmly established a basis for punitive damages." This argument has several flaws. First, punitive damages are generally unavailable in an unjust enrichment claim. *See Rosenberg, Minc & Armstrong v. Mallilo & Grossman*, 39 A.D.3d 335 (1st Dept. 2007); *see also Rapay v. Chernov*, 2017 U.S. Dist. LEXIS 31401 (S.D.N.Y. 2017). Secondly, punitive damages require that "the defendant's actions were aimed at the public or showed the requisite moral turpitude." *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research*, 174 A.D.3d 473, 476 (1st Dept. 2019). Contrary to Plaintiff's contentions, the record here cannot conclusively establish that Defendant's actions were aimed at the public or that they showed the requisite moral turpitude. The Defendant's actions and the set of facts

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  021 021**

**Page 5 of 6**

[* 5]

5 of 6

underlying the litigation involve a family dispute not the public at large. Additionally, moral turpitude is a high bar to meet. Certainly, the Defendant here cannot be said to have shown "such wanton dishonesty as to imply a criminal indifference to civil obligations." *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478 (2007).

Finally, Plaintiff argues that Defendant in his moving papers failed to oppose Plaintiff's request that the Court enter judgment in favor of the Plaintiff on the unjust enrichment claim and therefore "the Defendant effectively concedes that the Plaintiff is entitled to judgment." But in several places in their moving papers Defendant strongly denies that Plaintiff is entitled to judgment on the unjust enrichment claim and asks the Court not to disturb the jury's verdict that there was no unjust enrichment. This argument by Plaintiff therefore fails and the Court will not enter judgment in favor of Plaintiff on the unjust enrichment claim.

Accordingly, it is hereby

ADJUDGED that plaintiff's motion is hereby denied.

20240926163316LFRANK676D370A4BF64837B2790000993094837

| | | |
|---|---|---|
| __9/26/2024__ | | |
| DATE | | LYLE E. FRANK, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  021 021**

Page 6 of 6

6 of 6