**Frey v Health Mgt. Sys., Inc.**

2025 NY Slip Op 30592(U)

February 20, 2025

Supreme Court, New York County

Docket Number: Index No. 158415/2018

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** **HON. KATHLEEN WATERMAN-MARSHALL** | **PART** 31 |
| *Justice* | |

-------------------------------------------------------------------------------X

CHRISTOPHER FREY,

Plaintiff,

- v -

HEALTH MANAGEMENT SYSTEMS, INC.,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158415/2018 |
| **MOTION DATE** | 12/10/2021 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106

were read on this motion to/for _____ SANCTIONS _____ .

This matter was recently administratively transferred to Part 31. Following this transfer, the Court placed the matter down for an appearance, and the parties, *sua sponte*, submitted letters regarding recent proceedings in Federal District Court in Texas.

Defendant seeks an order, pursuant to 22 NYCRR § 130-1.1 ("Rule 130"), sanctioning plaintiff and plaintiff's counsel in the amount of $20,000 plus defendant's reasonable attorney's fees incurred in defending this matter. Plaintiff opposes, contending that this action is distinct from his prior dismissed actions, and is therefore not frivolous. For the reasons set forth below, the motion is granted in part.

## Brief Background
*Agency Action and 5th Circuit Appeal*

Plaintiff, a former employee at defendant Health Management System in Texas, was terminated from his employment in 2013. Six months after his termination, plaintiff filed an action in which he alleged that defendant fired him in retaliation for acting as a whistleblower, when he reported defendant's improper billing practices. The United States Department of Health & Human Services ("HHS") Office of Inspector General investigated the matter over three years and issued a report finding that plaintiff's claims of retaliation were unsupported. Thereafter, in 2018, HHS issued its decision in which it found that plaintiff's termination was nonretaliatory; the United States Court of Appeals for the Fifth Circuit upheld that decision on appeal.

*New York Action*

Plaintiff then filed the instant action reiterating the same claims of retaliation. This action was dismissed by Decision and Order dated July 20, 2020 (Hon. Louis Nock, JSC) as untimely

158415/2018   FREY, CHRISTOPHER vs. HEALTH MANAGEMENT SYSTEMS,
Motion No.  003

Page 1 of 4

[* 1]

and as estopped by the prior agency action and federal appeal. The Appellate Division, First Department affirmed dismissal by Decision and Order dated September 28, 2021.

*Southern District of Texas*

Following dismissal of his prior action in this court, plaintiff filed a *qui tam* action against defendant in the U.S. District Court for the Southern District of Texas. The Federal Magistrate issued a report, finding plaintiff to be a serial litigant, and recommending dismissal of the *qui tam* action with prejudice to prevent plaintiff from filing baseless claims as a nuisance to defendant, and an award to defendant of its reasonable attorney's fees. The Federal Court adopted the Magistrate's report. Following an evidentiary hearing regarding the amount of attorney's fees due to defendant from plaintiff, the Magistrate reported that defendant should be awarded $162,458.10 as reasonable attorney's fees, and that plaintiff's claim he could pay only $5,000 toward the fee lacked credibility. A final decision from the District Court regarding the amount of attorney's fees owed to defendant by plaintiff has not yet been rendered.

*Instant Motion*

On this motion, defendant seeks Rule 130 sanctions against plaintiff and plaintiff's counsel in the sum of $20,000, in addition to the legal fees incurred in defending this action before the trial court and on appeal.

**Discussion**

The Court is afforded discretion to impose sanctions and costs for frivolous conduct (22 NYCRR § 130-1.1[a]). The statute defines frivolous conduct as that which "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR § 130-1.1[c]; *Newman v Berkowitz*, 50 AD3d 479 [1st Dept 2008] [internal quotations omitted]; *E. New York Sav. Bank v Sun Beam Enterprises, Inc.*, 256 AD2d 78, 79 [1st Dept 1998]), or "asserts materially factual statements that are false" (22 NYCRR § 130-1.1[c]; *In re Kover*, 134 AD3d 64, 74 [1st Dept 2015]). A "persistent pattern of extended and largely meritless litigation" is sanctionable conduct (*Ray v Ray*, 232 AD3d 497 [1st Dept 2024]; *Gruen v Krellenstein*, 244 AD2d 234 [1st Dept 1997] [abuse of judicial process warrants sanction]).

In determining the appropriateness of sanctions for frivolous conduct, the Court considers the totality of the circumstances, as well as the dual purposes of sanctions: (1) retributive, in punishing past conduct and (2) deterrent, preventing future frivolous conduct by the parties and the greater bar at large (22 NYCRR § 130.1-1[c]; *Levy v Carol Mgmt. Corp.*, 260 AD2d 27, 34 [1st Dept 1999]). The deterrent purpose of imposing sanctions includes consideration of the waste of judicial resources (*id.*). "There is no requirement that the dictates of [22 NYCRR] § 130-1.2 be followed in any rigid fashion, the court's decision was sufficient to set forth the conduct on which the [sanctions] award was based, the reasons why it found this conduct to be frivolous and the amount to be appropriate" (*Benefield v New York City Hous. Auth.*, 260 AD2d 167, 168 [1st Dept 1999]).

Here, plaintiff has brought numerous actions against defendant over a multi-year period in different courts, all alleging, *essentialiter*, the same claims. Plaintiff's attempt to distinguish the technical aspects of each of his actions against defendant is unavailing. Each of these actions

158415/2018   FREY, CHRISTOPHER vs. HEALTH MANAGEMENT SYSTEMS,      Page 2 of 4
Motion No.  003

2 of 4

sought monetary relief against defendant, alleging, at bottom, that defendant engaged in, among other things, improper billing, plaintiff reported this improper billing to appropriate authorities, and plaintiff was terminated as a result of his reporting. Each action, alleging the same pertinent facts but brought under various statutes, was dismissed at the pleading stage, found to be without merit, and the dismissals have been upheld by various appellate authorities. Plaintiff's untimely filing of this action in New York, a state with no nexus, connection, or association with the underlying allegations and following dismissal of these claims by the Federal Circuit courts can only be described as frivolous. It is inescapable, on this record, that plaintiff filed this instant matter to abuse and harass defendant, and has failed to acknowledge the definitive rulings in the litany of other matters he has filed. Put simply, plaintiff engaged in frivolous and harassing litigation by bringing the same claims against defendants in this action which had been repeatedly dismissed by federal agencies, federal trial courts, and federal appellate courts. This is frivolous within the meaning of 22 NYCRR § 130.1-1 (*Ray v Ray*, 232 AD3d 497; *Gruen v Krellenstein*, 244 AD2d 234).

An appropriate sanction for plaintiff's frivolousness is the attorney's fees of defendant (*Levy v Carol Mgmt. Corp.*, 206 AD2d 27). Defendant should not be forced to bear the cost of plaintiff's vexatious and harassing litigation in this Court. Likewise, it is appropriate to restrain plaintiff from commencing further proceedings against defendant or its attorneys in this court without advance judicial permission. Plaintiff shall annex a copy of this decision and order in any future applications filed in New York Supreme Court.

As to plaintiff's counsel, the Court declines to impose sanctions. The record reveals that plaintiff's counsel was admitted *pro hac vice* from Texas after *pro-se* plaintiff filed the complaint and did not appear on the motion to dismiss. There is no basis to sanction plaintiff's counsel.

Accordingly, it is

**ORDERED** that defendant's motion for sanctions is granted to the extent of sanctioning plaintiff in the amount of defendant's reasonable attorney's fees; and it is further

**ORDERED** that papers in support of defendant's reasonable attorney's fees, including a detailed recitation of the hours expended in this matter and the hourly rate for same, shall be filed to NYSCEF no later than March 7, 2025; and it is further

**ORDERED** that papers in opposition, if any, shall be filed to NYSCEF no later than March 21, 2025; and it is further

**ORDERED** that should the parties stipulate to the amount of attorney's fees due defendant, they shall file a stipulation so stating to NYSCEF no later than March 21, 2025; and it is further

**ORDERED** that an inquest on the amount of attorney's fees due defendant shall be held on **March 27, 2025 at 11:00am** in-person in Courtroom 623 at 111 Centre Street New York, NY 10013; and it is further

158415/2018   FREY, CHRISTOPHER vs. HEALTH MANAGEMENT SYSTEMS,
Motion No.  003

Page 3 of 4

3 of 4

**ORDERED** that plaintiff, Christopher Frey, is restrained from filing any further action against defendant Health Management Systems, Inc. or its counsel, absent advance Court approval by order to show cause and shall annex a copy of this decision and order to any such request.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT

| 2/20/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** | |
| CHECK ONE: | X CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158415/2018   FREY, CHRISTOPHER vs. HEALTH MANAGEMENT SYSTEMS, Motion No.  003**

**Page 4 of 4**

4 of 4

[* 4]