■ BERTRAM COHEN et al., Respondents, v BROWN, HARRIS, STEVENS, INC., et al., Appellants. — Order entered September 2, 1983 in Supreme Court, New York County (Richard W. Wallach, J.), denying defendants' motion and staying the action for 90 days, unanimously reversed, on the law, and the defendants' motion for summary judgment is granted declaring for defendants, with costs. Plaintiffs have a month-to-month rental agreement for two rooms in a building in which their residential co-operative apartment is located. Since 1979 they have rented these rooms for the benefit of their two maids. In early 1980 the co-operative's board decided that the rooms could be more profitably used, and plaintiffs were given the opportunity to buy the shares for the rooms, at $20,000 per room. Plaintiffs did not find this price acceptable, however, and the offer was withdrawn. The board then investigated the suitability of the rooms for professional office space, and on October 5, 1982 notified plaintiffs that the tenancy would end as of November 30, 1982. This action for declaratory and injunctive relief followed. Upon defendants' motion for summary judgment, Special Term found such relief precluded since plaintiffs had failed to join the two maids as necessary parties. The court further stayed the entire action for 90 days to allow defendants an opportunity to commence summary holdover proceedings in Civil Court. None of the parties

wish to go to another forum, however nor was there a legal basis for denying defendants' motion. The two maids are not indispensable parties in this action for the simple reason that they possess no rights independent from their contract with plaintiffs. Although they are certainly to be affected by our grant of summary judgment to the board, this is hardly "inequitable" to them since they neither signed the rental agreement nor paid the rent for the apartments. (CPLR 1001.) As for the motion itself, plaintiffs present no facts or legal impediment to it. Their claim of promissory estoppel must fall since that doctrine does not apply to the letting of real property. (*Tribune Print. Co. v 263 Ninth Ave. Realty,* 88 AD2d 877, affd 57 NY2d 1038.) Nor does it appear even inferentially that defendants have breached any implied or constructive duty to plaintiffs, and no basis for a quasi-contractual claim is thus presented. Rather, it is clearly within the discretion of the board to control these rental rooms in the manner most likely to serve the best interests of the co-operative corporation. Since the rental value of the rooms as professional office space well exceeds $1,000 per month, the board's determination seems fiscally prudent. (Compare *Goldstone v Constable,* 84 AD2d 519.) Concur — Sullivan, J. P., Ross, Carro, Milonas and Kassal, JJ.