■ MARY STEVENSON-MISISCHIA, Appellant, v L'ISOLA D'ORO SRL et al., Defendants, and ATLANTIC INTERNATIONAL PRODUCTS, INC., et al., Respondents. [925 NYS2d 464]—

Order, Supreme Court, New York County (Louis B. York, J.), entered January 10, 2011, which denied plaintiff's motion for summary judgment declaring that defendant Atlantic International Products, Inc. became the 60% owner of defendant L'Isola D'Oro USA, Inc. (USA) in 2004 and summary judgment on her causes of action for conversion, an accounting, and breach of fiduciary duty, unanimously affirmed, without costs.

The record reflects that USA's 2004 tax return stated that Atlantic held a majority shareholder interest in USA. However, plaintiff's argument that the tax return estops Atlantic from

denying that it purchased the majority interest in USA is unavailing. A party to litigation may not take a position contrary to a representation made in an income tax return (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]; *see also Peterson v Neville*, 58 AD3d 489 [2009]). The tax return was filed by USA, which is `not a party to this action, the complaint having been dismissed as against it (64 AD3d 458 [2009]). Plaintiff's remaining submissions, including the letter of intent, which states explicitly that it is not a binding agreement, fail to demonstrate conclusively that Atlantic purchased the majority shareholder interest in USA.

In view of the foregoing, plaintiff failed to establish that Atlantic owed a fiduciary duty to the estate (*see Littman v Magee*, 54 AD3d 14, 17 [2008]). Indeed, defendants' evidence raises the inference that Atlantic simply managed USA between January 2004 and April 2005, pursuant to an initial agreement entered into by all the parties, and had been given only an option to purchase USA, which it did not exercise. In light of the conflicting financial information regarding USA's annual fiscal performance, plaintiff also failed to establish that Atlantic was obligated to compensate the estate, as the minority shareholder in USA. Nor did she establish that defendants intentionally and without authority exercised dominion and control over property belonging to the estate (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]). Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ. **[Prior Case History: 2011 NY Slip Op 30044(U).]**