■ In the Matter of HSBC Bank U.S.A. Ofra Levin et al., Respondents, v HSBC Bank USA, N.A., et al., Respondents. Darek Jura et al., Proposed Intervenors-Appellants. [22 NYS3d 448]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 17, 2015, which denied proposed intervenors Darek Jura and Leah Hanes's motion to intervene in this class action, unanimously affirmed, with costs.

The record amply supports the IAS court's denial of the motion for intervention, both with respect to intervention as of right under CPLR 1012 and permissive intervention under CPLR 1013. As this Court has held, "Distinctions between intervention as of right and discretionary intervention are no longer sharply applied" (*Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010]).

"Consideration of any motion to intervene begins with the question of whether the motion is timely," and the IAS court properly denied the motion on these grounds (*id.*). Proposed intervenors have known about this action for years, and in fact their current counsel drafted and filed the original class-action complaint on plaintiffs' behalf. One of the proposed intervenors was even a party to the action before voluntarily withdrawing his claims to pursue a parallel action in federal court. As it is uncontested that the proposed intervenors knew about the pending action for over a year, the IAS court properly denied the motion to intervene as untimely (*RKH Holding Corp. v 207 Second Ave. Realty Corp.*, 236 AD2d 254, 255 [1st Dept 1997]).

The IAS court's additional findings in support of denying the motion–that the class representatives and their counsel would adequately protect the proposed intervenors' interests–are also fully supported. The class representatives are not obviously adverse to the remainder of the class and have sufficient familiarity with the case, while their counsel are experienced class action attorneys who have been involved with similar litigations.

We have considered the proposed intervenors' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Richter and Manzanet-Daniels, JJ.