■ IGNAZIO ROTONDI et al., Respondents, v DOMINICK RO-TONDI, Defendant. DOMINICK N. ROTONDI, Nonparty Appellant. [54 NYS3d 589]—

In an action, inter alia, for the partition and sale of real property and to recover unpaid costs of use and occupancy, the nonparty Dominick N. Rotondi appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated February 3, 2015, as denied his motion pursuant to CPLR 1012 for leave to intervene and to interpose an answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and the defendant are siblings. In 1992, their mother transferred to each of them and to their brother Anthony equal interests in a Brooklyn residential property. In 2007, the plaintiffs commenced this action against the defendant, inter alia, for the partition and sale of the property. In 2010, the Supreme Court granted the plaintiffs' motion to strike the defendant's answer, and in 2011, the court granted the plaintiffs' motion to dismiss the defendant's counterclaims and to preclude him from offering evidence at trial. In 2013, the court appointed a referee to, inter alia, ascertain the rights, shares, and interests of the several parties to this action in the subject property and to report on whether the property could be partitioned without great prejudice to the owners.

In 2014, the defendant's son, the appellant, Dominick N. Rotondi, moved pursuant to CPLR 1012 for leave to intervene, alleging that he held a power of attorney for Anthony and that Anthony had an interest in the litigation. The plaintiffs opposed the motion, contending, inter alia, that the motion was untimely. The Supreme Court denied the motion, and we affirm.

CPLR 1012 provides that motions for leave to intervene must be timely. Here, although the action was commenced in 2007, at which time a notice of pendency was filed with the complaint, the appellant, without explanation for the delay, failed to move for leave to intervene until 2014, by which time the plaintiffs' motions to strike the defendant's answer and to dismiss the counterclaims already had been granted and a referee had been appointed. Based upon the foregoing, the Supreme Court properly denied the appellant's motion for leave to intervene, as it was untimely (*see U.S. Bank N.A. v Bisono*, 98 AD3d 608, 609 [2012]; *Vacco v Herrera*, 247 AD2d 608, 608 [1998]; *Rectory Realty Assoc. v Town of Southampton*, 151 AD2d 737, 738 [1989]). Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.