PH-105 Realty Corp v Elayaan (2020 NY Slip Op 02971)





PH-105 Realty Corp v Elayaan


2020 NY Slip Op 02971


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


656160/16 11540A 11540

[*1] PH-105 Realty Corp, et al., Plaintiffs-Appellants,
v
Munzer Elayaan, et al., Defendants-Respondents.


The Aboushi Law Firm, New York (Aymen A. Aboushi of counsel), for appellants.
McKool Smith, New York (James H. Smith of counsel), for respondents.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered May 14, 2019, dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated, and defendants' motion for summary judgment dismissing the declaratory judgment and unjust enrichment claims alleging an ownership interest in plaintiff 181 Edgewater LLC (Edgewater) denied. Appeal from order, same court and Justice, entered on or about April 19, 2019, to the extent it denied plaintiffs' motion for summary judgment and granted defendants' motion for summary judgment dismissing the aforesaid claims, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court improvidently exercised its discretion in failing to apply the doctrine of "tax estoppel." Under that doctrine, defendants' acts in filing corporate tax returns for the years 2010 through 2014, signed by defendant Elayan, which contained factual statements that plaintiff Jaber had a 75% ownership interest in Edgewater during that time period, and precludes defendants from taking a position contrary to that in this litigation (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; Livathinos v Vaughan, 121 AD3d 485 [1st Dept 2014]; see also Man Choi Chiu v Chiu, 125 AD3d 824 [2d Dept 2015], lv denied 26 NY3d 905 [2015]). To the extent our decision in Matter of Bhanji v Baluch (99 AD3d 587 [1st Dept 2012]) has been interpreted as making the doctrine generally inapplicable with respect to factual statements of ownership in tax returns, we clarify that the doctrine applies where, as here, the party seeking to contradict the factual statements as to ownership in the tax returns signed the tax returns, and has failed to assert any basis for not crediting the statements (see Cusimano v Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 118 AD3d 542 [1st Dept 2014]; Stevenson-Misischia v L'Isola D'Oro SRL, 85 AD3d 551 [1st Dept 2011]; see also Matter of Elmezzi, 124 AD3d 886, 887 [2d Dept 2015]).
Although defendants are estopped to deny Jaber's 75% ownership interest in Edgewater between 2010 and 2014, it does not follow that plaintiffs are entitled to summary judgment on their claim for a declaration that Jaber remains the 75% owner of Edgewater, or on their alternative unjust enrichment claim alleging an unlawful deprivation of that ownership right. Issues of fact remain as to who presently owns Edgewater and whether defendant Elayan unlawfully stripped Jaber of his ownership rights. Nor are defendants, in light of the established [*2]fact of Jaber's 2010-2014 ownership interest, entitled to summary judgment dismissing plaintiff's claims based on the other record evidence as to the ownership of Edgewater.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK