Matter of Hassine (2023 NY Slip Op 06479)

Matter of Hassine

2023 NY Slip Op 06479

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 3748/09Cm 3748/09Dm 3748/09E Appeal No. 1250 Case No. 2023-00248 

[*1]In the Matter of David Hassine, Deceased.
Steven Hassine et al., Petitioners-Appellants,
Samuel Hassine, Respondent-Respondent.

Nextgen Counsel LLC, Hawthorne (Michael H. Ansell of counsel), for appellants.
Morea Schwartz Bradham Friedman & Brown LLP, New York (Thomas A. Brown II of counsel) and Graubard Miller, New York (Elaine M. Reich of counsel), for respondent.

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered December 14, 2022, which, after a nonjury trial, dismissed the objections to executor respondent Samuel Hassine's account and dismissed objectants' petition to remove Samuel as the executor of the estate of decedent David Hassine, unanimously affirmed, without costs.
A fair interpretation of the evidence presented at trial supported the Surrogate Court's conclusion that David did not own 30% of funds held in Swiss bank accounts at the time of his death in 2009 (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). We reject objectants' contention that under the doctrine of tax estoppel, Surrogate's Court should have found that David owned 30% of the Swiss bank accounts, as objectants failed to produce any tax returns signed by Samuel to that effect and therefore cannot be heard to assert an estoppel based on information in a tax return (see PH-105 Realty Corp. v Elayaan, 183 AD3d 492, 492 [1st Dept 2020]). Furthermore, that objectants produced a 2008 Report of Foreign Bank and Financial Accounts (FBAR) stating in Part III that David had a financial interest in the Swiss bank accounts does not change our conclusion. The testimony by Samuel's expert established that placing information about assets into Part III of an FBAR does not necessarily constitute a representation that the signatory owns the assets listed there, and objectants' expert did not contradict that testimony.
We reject objectants' assertion that Surrogate's Court improvidently exercised its discretion as to certain exhibits that it deemed inadmissible. Initially, we reject objectants' contention that certain exhibits were necessarily authentic because Samuel produced them, since Samuel did not himself create or author most of the records that he produced — for example, letters from the Internal Revenue Service and bank documents — and those records were not therefore entitled to a presumption of authenticity (CPLR 4540-a). In any event, authenticity is not the same as admissibility (id. [presumption of authenticity "shall not preclude any other objection to admissibility"]). Moreover, although objectants sought to rely on exhibits purporting to be bank records, they failed to offer proper foundation testimony as necessary to admit those exhibits into evidence. Although "statements with which banks customarily supply their customers on a monthly basis for the purpose of advising them of deposits, withdrawals, and balances" can be admitted into evidence without foundation testimony (Elkaim v Elkaim, 176 AD2d 116, 117 [1st Dept 1991], lv dismissed 78 NY2d 1072 [1991]), none of objectants' purported bank records exhibits fall into this category. Rather, the documents appear to be tables or spreadsheets, and they bear no indication of who created them.
Surrogate's Court providently exercised its power to preclude certain exhibits because objectants notified Samuel less than a week before trial that they [*2]would be using them (see Feldsberg v Nitschke, 49 NY2d 636, 643 [1980]). Surrogate's Court also providently exercised its discretion by limiting objectants' cross-examination of Samuel (see id.). Furthermore, even if Surrogate's Court should have admitted some of the exhibits about which objectants complain or allowed them more extensive cross- examination, we find any error harmless as a matter of law, as there is no reason to believe the result would not have been the same if the evidence had been admitted (see Simone v McNamara, 59 AD3d 349, 349 [1st Dept 2009]; see also Petrosino v Bravo Volunteer Ambulance Corp., 225 AD2d 405, 405-406 [1st Dept 1996]).
The evidence at trial also fairly supported Surrogate's Court's conclusion that no surcharge against Samuel was warranted as a penalty for self-dealing when he purchased from the estate David's 48% share of particular corporations less a 25% minority discount. The record does not support objectants' position that the corporations' warehouse appraisal was too low because it was tainted by bias; on the contrary, the real estate appraisers certified that their conclusions were unbiased, and objectants point to no record evidence contradicting this certification. In addition, the testimony by Samuel's accountant, to which objectants point to support their conclusion that a minority discount was inappropriate, stated simply that there is a difference between a valuation for estate tax purposes and a valuation for sale. This testimony does not support objectants' conclusion regarding the propriety of a minority discount.
Surrogate's Court providently exercised its discretion in declining to remove Samuel as executor of David's estate. Objectants did not make a clear showing of serious misconduct that endangers the safety of the estate, as required to nullify the testator's choice (see Matter of Duke, 87 NY2d 465, 473 [1996]).
Although objectants contend that Surrogate's Court erred in not finding that Samuel had at least failed to distribute decedent's 30% income share of the Swiss assets, that issue was not properly before the court, as it was not listed as one of the issues to be tried in the parties' joint statement of issues. Moreover, objectants did not appeal from the March 2020 order denying their motion to vacate that document. Therefore, any objection to the joint statement of issues is likewise not properly before this court.
We have considered objectants' remaining arguments and find them unavailing
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023