Papageorgiou v Consolidated Edison Co. of N.Y., Inc. (2023 NY Slip Op 06599)

Papageorgiou v Consolidated Edison Co. of N.Y., Inc.

2023 NY Slip Op 06599

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 115106/04 Appeal No. 1292-1293 Case No. 2022-02299, 2022-04681 

[*1]Constantina Papageorgiou etc., Plaintiff-Respondent,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent.
Schwartz, Goldstone, Campisi & Kates, LLP, Nonparty Appellant,
v
The Flomenhaft Law Firm, PLLC, et al., Nonparty-Respondents, H.Q. Nguyen, Nonparty Intervenor-Respondent.

Schwartz Goldstone Campisi & Kates, LLP, New York (Herbert Rodriguez, Jr. of counsel), for appellant.
The Flomenhaft Law Firm, PLLC, New York (Benedene Cannata of counsel), for Constantina Papageorgiou and The Flomenhaft Law Firm, PLLC, respondents.
Nguyen Leftt, P.C., New York (Stephen D. Chakwin, Jr. of counsel), for nonparty intervenor-respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered May 16, 2022, which, insofar as appealed from, denied nonparty Schwartz, Goldstone, Campisi & Kates, LLP (SGCK)'s motion for leave to intervene in the underlying personal injury action's compromise proceeding insofar as it was determining the claims by nonparty The Flomenhaft Law Firm, PLCC (FLF) as to its attorney expenses and disbursements to be deducted from the settlement proceeds, and order, same court and Justice, entered September 26, 2022, which, insofar as appealed from, found that SGCK lacked standing to submit papers in opposition to FLF's motion for approval of the proposed compromise order finalizing the settlement without considering SGCK's opposition papers, unanimously affirmed, with costs.
The court properly denied intervention in the compromise proceeding to the extent it addressed the FLF expenses. Moreover, the court properly found that SGCK lacked standing to oppose the motion to approve the compromise order.
The court providently exercised its discretion in denying intervention with respect to the FLF expenses. While SGCK is unsatisfied with the court's review of the FLF expense claims, this case does not present exceptional facts showing the court's inability, or blatant failure, to properly assess expense claims in the absence of the intervention of an outside party with an interest in that determination, and the court had ample basis to deny intervention in order to prevent further prejudicial delay in the payment of the settlement proceeds to the injured plaintiff (see Phoenix Capital Fin. Ltd. v Axia Realty, LLC, 184 AD3d 539, 540 [1st Dept 2020], lv denied 35 NY3d 1074 [2020]; Matter of HSBC Bank U.S.A., 135 AD3d 534, 534 [1st Dept 2016]). Contrary to SGCK's contentions, the prior orders in this case did not secure its right to participate in the court's consideration of the FLF expenses at a compromise proceeding or otherwise.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023