# PH-105 Realty Corp v Elayaan

2024 NY Slip Op 33531(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 656160/2016

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**         PART         **11M**

*Justice*

-------------------------------------------------------------------------X

PH-105 REALTY CORP, 12 WHITWELL PLACE, LLC,181 EDGEWATER LLC,FARHOUD JABER,

          Plaintiff,

- v -

MUNZER ELAYAAN, PH-FULTON CORP., JOHN AND JANE DOES 1-20, XYZ CORPORATION/LLCS 1-20,

          Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656160/2016 |
| MOTION DATE | 03/11/2024 |
| MOTION SEQ. NO. | 020 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 020) 646, 647, 648, 649, 650, 651, 652, 653, 654, 655, 656, 657, 658, 659, 660, 661, 662, 663, 664, 665, 666, 667, 668, 669, 670, 671, 672, 673, 674, 675, 676, 677, 680, 681

were read on this motion to/for      PARTIES - ADD/SUBSTITUTE/INTERVENE    .

Upon the foregoing documents, the proposed intervenor's motion to intervene is denied.

## Background

This motion arises from a dispute over an ownership interest in 181 Edgewater LLC ("Edgewater") and the associated real property at 181 Edgewater Street, Staten Island, New York ("Property"). Plaintiff Jaber ("Plaintiff") commenced a suit and filed a notice of pendency for the Property in late 2016. He alleged that Defendant Elayaan ("Defendant") unlawfully removed Plaintiff as managing member of 181 Edgewater LLC and that Defendant unlawfully deprived Plaintiff of the Property. In 2020, a decision handed down from the First Department applied the doctrine of tax estoppel and held that Defendant was estopped from taking a position contrary to the factual statements made in corporate tax returns that Plaintiff was a 75% owner of the Property during the years 2010 to 2014. *PH-105 Realty Corp. v. Elayaan*, 183 A.D.3d 492 (1st Dept. 2020). The First Department explicitly left open the issue of current ownership of the

**656160/2016  PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
Motion No. 020

**Page 1 of 6**

[* 1]

Property. *Id.* Then in December 2021, while the litigation was ongoing, a third-party company 181 Edgewater St. LLC ("Proposed Intervenor") purported to purchase a 75% interest in the Property from Defendant. The parties had a trial beginning February 9, 2024. At trial, the jury found that 1) Plaintiff was currently a 75% owner of Edgewater, 2) Edgewater was the current owner of the Property, and 3) that Defendant was not unjustly enriched. The verdict sheet was entered on February 26, 2024.

Proposed Intervenor now moves asking the Court asking for leave to intervene pursuant to CPLR § 1012(a)(2) or in the alternative, leave to intervene pursuant to the Court's discretion under CPLR § 1013. Proposed Intervenor also moves for sufficient time under CPLR R.4405 to move to set aside the verdict or move for a new trial pursuant to CPLR R.4403 and R.4404. Plaintiff opposes the motion. For the reasons that follow, Proposed Intervenor's motion is denied.

**Standard of Review**

CPLR § 1012(a)(2) and (3) allows a party to intervene in an action "[u]pon timely motion" when "the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" or when the action involves title to property and the "property and the person may be affected adversely by the judgment." CPLR § 1013 permits, "[u]pon timely motion", any person to be permitted to intervene when there is a common question of law or fact. In exercising discretion under § 1013, "the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party." CPLR § 1013. When a court considers any motion to intervene, the first consideration is "whether the motion is timely." *Matter of HSBC Bank v. U.S.A.*, 135 A.D.3d 534 (1st Dept. 2016).

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**          **Page 2 of 6**
**Motion No.  020**

2 of 6

[* 2]

CPLR § 4405 allows for motions to be made "before the judge who presided at the trial within fifteen days after decision, verdict or discharge of the jury." CPLR § 4403 applies to cases involving a bench trial with an advisory jury and is not relevant to the present case.

Under CPLR § 4404(a), a court may set aside a verdict and either direct a judgment or order a new trial when "the verdict is contrary to the weight of the evidence [or] in the interest of justice." The court when considering such a motion should "decide whether substantial justice has been done [and] whether it is likely that the verdict has been affected." *Morency v. Horizon Transp. Servs. Inc.*, 139 A.D.3d 1021, 1023 (2nd Dept. 2016). The court also must "construe the evidence from the trial record in the light most favorable to the non-moving party." *Fantazia Int'l v. CPL Furs New York, Inc.*, 20 Misc. 3d 1113(A) (Sup. Ct. N.Y. Cnty. 2008).

The well-settled standard for making a determination that a jury's finding was against the weight of evidence is when the "evidence at trial so preponderated in favor of movant that the verdict could not have been reached on any fair interpretation of the evidence." *Monzon v. Porter*, 173 A.D.3d 1779, 1779 (4th Dept. 2019). A motion to set a verdict as against the weight of the evidence "should only be granted where the verdict is 'palpably wrong'." *Cholewinski v. Wisnicki*, 21 A.D.3d 791 (1st Dept. 2005), *quoting Rivera v. 4064 Realty Co.*, 17 A.D.3d 201, 203 (1st Dept. 2005).

**Discussion**

Ultimately, Proposed Intervenor has failed to establish a proper basis for intervening in this action. Their motion to intervene under CPLR § 1012 fails for several reasons, but the Court need only reach the issue of timeliness. Here Proposed Intervenor's motion is untimely because they had actual and constructive notice of this litigation, and the potential impact on title to the Property as well as the validity of any party purporting to represent Edgewater, before the

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**                    **Page 3 of 6**
**Motion No.  020**

3 of 6

[* 3]

alleged sale. Proposed Intervenor has been involved in this litigation for years, and only waited until the jury returned an adverse verdict before claiming that they wished to intervene in order to protect their interest in the Property. The notice of pendency provided by Plaintiff at trial and now again here was filed in 2016 in the county where the Property was located. Proposed Intervenor, eight years later, now attempts to intervene, despite also having made an appearance in the case in 2022. This attempt is untimely.

The case law provides a wealth of guidance on untimely motions to intervene. In *Rectory Realty Associates v. Southampton*, the Second Department noted that "[d]espite the fact that the proposed intervenors became aware of the events which were transpiring in connection with this action by mid-1986, they did not attempt to intervene in the action until more than a year later. This cannot be considered timely." *Id.*, at 737 – 38. In another case, an attempt to intervene seven years after the notice of pendency was filed was upheld as untimely. *Rotondi v. Rotondi*, 151 A.D.3d 1094, 1095 (2nd Dept. 2017). Here, unlike in *Rotondi*, the litigation has had a final judgement entered before the motion to intervene.

In *Castle Peak 2012-1 Loan Trust v. Sattar*, a proposed intervenor purchased property knowing that a foreclosure action was pending and waited four months to seek leave to intervene. *Castle Peak 2012-1 Loan Trust v. Sattar*, 140 A.D.3d 1107, 1108 (2nd Dept. 2016). That wait period, far less than the roughly eight years at issue here, was deemed untimely. *Id.* In *Matter of HSBC*, the First Department held that denial of a motion as untimely was proper when it was "uncontested that the proposed intervenors knew about the pending action for over a year." *Matter of HSBC*, at 534. Here Proposed Intervenor argues that their motion is timely based on the date of entry of judgment, but the case law is clear that considerations of timeliness also

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No. 020**

**Page 4 of 6**

encompass actual knowledge of pending litigation and constructive knowledge regarding the filing of a relevant notice of pendency.

Proposed Intervenor asks in the alternative for the Court to, in its discretion, grant leave to intervene under CPLR § 1013. As stated above, this decision should include considerations of "whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party." CPLR § 1013. Not only is this motion untimely under CPLR § 1013 just as it is under CPLR § 1012 but granting this motion to intervene post-judgment would be improper since "[i]ntervention is a device to allow judicial economies, rather than a technique to permit already-litigated cases to transmute into new cases." *Jiggetts v. Dowling*, 21 A.D.3d 178, 181 (1st Dept. 2005); *see also State of New York v. McLeod*, 45 A.D.3d 282, 284 (1st Dept. 2007). The Court declines to permit Proposed Intervenor to intervene under CPLR § 1013.

Proposed Intervenor also asks the Court, if intervention is granted, for leave pursuant to CPLR § 4405 to have 45 days to move under CPLR § 4403 and CPLR § 4404 to set aside the verdict or to direct a new trial. As stated above, CPLR § 4403 does not apply to the litigation at hand. For the reasons stated above, Proposed Intervenor's request to intervene is denied as untimely. Therefore, the Proposed Intervenor's motion to intervene pursuant to CPLR § 1012 fails for lack of timeliness and their motion to be granted 45 days to move to set aside the verdict is likewise denied.

Accordingly, it is hereby

ADJUDGED that the proposed intervenor's motion is denied.

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  020**

**Page 5 of 6**

5 of 6

20240926162801LFRANK41086?5619E041FA927CE8E131671C82

**9/26/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER                    Page 6 of 6
Motion No.  020

6 of 6