## PH-105 Realty Corp v Elayaan

2024 NY Slip Op 33530(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 656160/2016

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK

*Justice*

PART          11M

-------------------------------------------------------------------------X

PH-105 REALTY CORP, 12 WHITWELL PLACE, LLC,181 EDGEWATER LLC,FARHOUD JABER,

Plaintiff,

- v -

MUNZER ELAYAAN, PH-FULTON CORP., JOHN AND JANE DOES 1-20, XYZ CORPORATION/LLCS 1-20,

Defendant.

-------------------------------------------------------------------------X

| INDEX NO. | 656160/2016 |
|---|---|
| MOTION DATE | 04/23/2024, 04/23/2024 |
| MOTION SEQ. NO. | 022 022 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 022) 690, 691, 692, 693, 694, 695, 696, 697, 698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 708, 722, 723, 724, 725, 726, 727, 728, 729, 730

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 022) 690, 691, 692, 693, 694, 695, 696, 697, 698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 708, 722, 723, 724, 725, 726, 727, 728, 729, 730

were read on this motion to/for                    SET ASIDE VERDICT                    .

Upon the foregoing documents, defendant's motion to set aside the verdict and enter judgment in defendant's favor or alternatively, to order a new trial is denied.

## Background

This motion arises from a dispute over an ownership interest in 181 Edgewater LLC ("Edgewater") and the associated real property at 181 Edgewater Street, Staten Island, New York ("Property"). Plaintiff Jaber ("Plaintiff") commenced the suit and filed a notice of pendency in Richmond County (where the Property was located) in late 2016. He alleged that Defendant Elayaan ("Defendant") unlawfully removed Plaintiff as managing member of 181 Edgewater LLC and that Defendant unlawfully deprived Plaintiff of the Property. In 2020, a decision handed down from the First Department applied the doctrine of tax estoppel and held that

656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER
Motion No. 022 022

Page 1 of 7

Defendant was estopped from taking a position contrary to the factual statements made in corporate tax returns. Namely, that Plaintiff was a 75% owner of the Property during the years 2010 to 2014. *PH-105 Realty Corp. v. Elayaan*, 183 A.D.3d 492 (1st Dept. 2020). The First Department left open the issue of current ownership of the Property. *Id.* In December 2021, while the litigation was ongoing, a third-party company named 181 Edgewater St. LLC ("Edgewater Street") purchased a 75% interest in the Property from Defendant. The parties had a trial beginning February 9, 2024. At trial, the jury found that 1) Plaintiff was currently a 75% owner of Edgewater, 2) Edgewater was the current owner of the Property, and 3) that Defendant was not unjustly enriched.

Defendant now moves asking the Court, pursuant to CPLR § 4404(a), to set aside the jury's verdict as to both the finding that Plaintiff is the current 75% owner of Edgewater and the finding that Edgewater is the current owner of the Property. Defendant asks the Court to enter judgment in their favor or in the alternative, to order a new trial. Plaintiff opposes the motion. For the reasons discussed below, Defendant's motion is denied.

## Standard of Review

Under CPLR § 4404(a), a court may set aside a verdict and either direct a judgment or order a new trial when "the verdict is contrary to the weight of the evidence [or] in the interest of justice." The court should when considering such a motion "decide whether substantial justice has been done [and] whether it is likely that the verdict has been affected." *Morency v. Horizon Transp. Servs. Inc.*, 139 A.D.3d 1021, 1023 (2nd Dept. 2016). The court also must "construe the evidence from the trial record in the light most favorable to the non-moving party." *Fantazia Int'l v. CPL Furs New York, Inc.*, 20 Misc. 3d 1113(A) (Sup. Ct. N.Y. Cnty. 2008).

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  022 022**

**Page 2 of 7**

[* 2]

The well-settled standard for deciding that a jury's finding was against the weight of evidence is when the "evidence at trial so preponderated in favor of movant that the verdict could not have been reached on any fair interpretation of the evidence." *Monzon v. Porter*, 173 A.D.3d 1779, 1779 (4th Dept. 2019). A motion to set a verdict as against the weight of the evidence "should only be granted where the verdict is 'palpably wrong'." *Cholewinski v. Wisnicki*, 21 A.D.3d 791 (1st Dept. 2005), *quoting Rivera v. 4064 Realty Co.*, 17 A.D.3d 201, 203 (1st Dept. 2005).

## Discussion

Ultimately, Defendant fails to establish that the jury's verdicts were unsupported by the evidence. Defendant's main argument is that the First Department's decision that Defendant is estopped from taking a position contrary to the tax records (which state that Plaintiff was the 75% owner of Edgewater as of 2014) does not relieve Plaintiff of the burden of establishing current ownership according to corporate entity law. Defendant argues that Plaintiff failed to establish this at trial and therefore the jury's verdicts on Edgewater ownership were without a basis in law. This argument misstates the crucial issue. Defendant is estopped from arguing that Plaintiff was not the 75% owner of Edgewater in 2014. Therefore, in order to argue that Plaintiff is not the current owner, Defendant must show that Plaintiff was validly *divested* of ownership sometime between 2014 and now, not that Plaintiff cannot or could not have established the initial burden of establishing ownership under corporate or LLC law. Once an entity is the owner of a piece of property, it necessarily follows that to cease being the owner there must be some event or action that operates to divest the entity of their ownership. To argue that Plaintiff must have thoroughly established their initial ownership interest at trial is to take a position at odds

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  022 022**

Page 3 of 7

3 of 7

with the tax records. As such, the cases cited by Defendant are distinguishable from the instant matter.

While Defendant describes Plaintiff's 75% ownership interest post-2014 as a "legal fiction", they are nevertheless estopped by the First Department from taking a position in opposition to the tax records stating that Plaintiff was a 75% owner, from at least 2010 to 2014. The issue then became the matter of current ownership, as the First Department pointed out. The question therefore becomes whether Plaintiff was validly divested of ownership post-2014, not whether Plaintiff can establish current ownership under New York corporate law. The jury at trial considered the evidence presented regarding the events concerning the property post-2014 and they reached a conclusion on the issue of present ownership. Particularly when all evidence from the trial record is construed in the light most favorable to Plaintiff, Defendant has not shown that the jury's verdicts could not have been reached based on any fair interpretation of said trial evidence. The motion is therefore denied as the CPLR § 4404(a) standard has not been met.

Defendant also argues that the jury's verdict on the issue of current ownership must be set aside because of the sale to third-party Edgewater Street, a transaction made while the current litigation was ongoing. Defendant argues that the jury based their decision on the Property's current ownership based solely on statements made at trial by Plaintiff's attorney that the sale was a "sham transaction" and that this was insufficient supporting evidence. But Plaintiff presented testimony from several parties at trial regarding the validity of the transfer deed as well as other evidence such as a certified Lis Pendens for the Property, filed in Richmond County, that was active at the time of the transaction according to Plaintiff. Plaintiff also presented testimony that alleged that the sale was not authorized by the then-current owners of Edgewater.

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  022 022**

**Page 4 of 7**

4 of 7

The parties now and at trial dispute(d) the good-faith or fraudulent nature of this transaction, the existence or extent of any consideration, and both sides presented evidence related to these disputes. Ultimately, it cannot be said that the jury made their decision regarding current ownership of Edgewater and the Property against the weight of the evidence or that judgment should be entered in favor of Defendant on this issue as a matter of law. A purchaser of real property is bound by the consequences of a lawsuit of which he has actual knowledge or in which a notice of pendency was filed against the property. *Da Silva v. Musso*, 76 N.Y.2d 436, 439 (1990). The jury was entitled to decide what weight to accord the evidence at trial on the issue and their verdict regarding current ownership of the property cannot be said to be lacking *any* fair interpretation of said evidence. Neither can the verdict be said to be without a foundation in law.

Defendant also argues that the Court deprived Edgewater Street of the Property without due process, as Edgewater Street was not a party to the trial. This argument fails because it overlooks the role that Edgewater Street has played in this case. As stated above, during the course of litigation and after the First Department handed down a decision stating that the current ownership of Edgewater and the Property was at issue, Defendant ostensibly on behalf of Edgewater sold a 75% interest in Edgewater to Edgewater Street. Edgewater Street, in addition to any actual and constructive notice they would have had at the time of the alleged sale (given, for example, the notice of pendency filed on the property prior to the transaction) was certainly aware of the trial and its potential impact on the determination of ownership of the Property. Edgewater Street had attorneys enter an appearance in the case on their behalf starting in 2022, including explicitly stating in a letter to the Court that they were aware that their interest would be affected by the outcome of the case. They to this date remain notified of NYSCEF filings in

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**          **Page 5 of 7**
**Motion No.  022 022**

5 of 7

this case. Edgewater Street, however, did not attempt to intervene until filing a motion to do so after the trial, in March of 2024.

Defendant argues in their Memorandum of Law in Further Support that Plaintiff had the responsibility under CPLR § 1003 to join Edgewater Street as a party, and that failure to do so is grounds for dismissal of an action. But Defendant did not move to dismiss the action on those grounds during the course of litigation, and now they move instead to overturn the jury's verdict. CPLR § 1003 states that failure to join a party who should be joined under CPLR § 1001 is indeed grounds for a dismissal "unless the court allows the action to proceed without that party." CPLR § 1003. Furthermore, CPLR § 1001 states that a party should be joined if they "might be inequitably affected by a judgment in the action." Given the aforementioned history of involvement and evidence of actual knowledge of the pending litigation prior to the transaction allegedly transferring interest in the Property to Edgewater Street, it is difficult to say that their interest is inequitably affected. Simply because a party has an interest that would be affected is not enough for necessary joinder to be established, as the inequitable requirement must also be met. *See, e.g., Cohen v. Brown, Harris, Stevens, Inc.* 99 A.D.2d 732, 733 (1st Dept. 1984).

As stated above, the parties both presented evidence at trial regarding the validity or fraudulent nature of the transaction and the extent of Edgewater Street's actual and record notice of the dispute prior to the sale. The jury's verdict on the current ownership of Edgewater and the Property went directly to this issue and was supported by evidence at trial as well as a basis in law. Therefore, Edgewater Street's interest cannot be conclusively said to have been *inequitably* impacted by the litigation. For the reasons given above, Defendant's motion to set aside the verdict is denied. The Court has looked at Defendant's other arguments and found them unavailing.

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  022 022**

**Page 6 of 7**

6 of 7

Accordingly, it is hereby

ADJUDGED that defendant's motion is denied.

20240926163954LFRANKAF16B2F240384A74B400F8C516442AE4

| 9/26/2024 | | | | LYLE E. FRANK, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | [X] CASE DISPOSED | | | [ ] NON-FINAL DISPOSITION | |
| | [ ] GRANTED | [X] DENIED | | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**656160/2016   PH-105 REALTY CORP vs. ELAYAAN, MUNZER**
**Motion No.  022 022**

Page 7 of 7

7 of 7

[* 7]