Xiaoyan Lu v Sagewood SFF III LLC (2024 NY Slip Op 05895)

Xiaoyan Lu v Sagewood SFF III LLC

2024 NY Slip Op 05895

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 651832/20 Appeal No. 3105 Case No. 2024-2240 

[*1]Xiaoyan Lu, et al., Plaintiffs-Respondents,
v
Sagewood SFF III LLC, et al., Defendants-Appellants.

DGW Kramer LLP, New York (Jacob Y. Chen of counsel), for appellants.
Law Office of Ethan A. Brecher, LLC, New York (Ethan A. Brecher of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about March 28, 2024, which, insofar as appealed from, granted plaintiffs' motion for partial summary judgment on their first cause of action for declaratory judgment deeming them to have full membership interest in defendant Sagewood SFF III LLC, unanimously affirmed, with costs.
Plaintiffs established equitable estoppel by showing defendants' admitted concealment of the fact that plaintiffs' investments had been embezzled by the co-manager of Sagewood KT II LLC (Fund II), and defendants' repeated and varied statements and actions confirming that their investment was rolled over into defendant Sagewood SFF III LLC (Fund III), despite there not being any money to roll over. Plaintiffs further established that they did not take any action to recover the embezzled funds because of defendants' concealment and subsequent affirmative statements that plaintiffs' funds were actually invested into Fund III (see BWA Corp. v Alltrans Express U.S.A., 112 AD2d 850, 853 [1st Dept 1985]; see also Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]).
Plaintiffs also established entitlement to judgment based on tax estoppel. Defendants represented to the Internal Revenue Services that plaintiffs were members in Fund III by attaching their K-1s to a signed tax return (see Tradesman Program Mgrs., LLC v Doyle, 202 AD3d 456, 457 [1st Dept 2022]; PH-105 Realty Corp. v Elayaan, 183 AD3d 492, 492 [1st Dept 2020]). Defendants' explanation for filing false K-1s — that there was never any money contributed by or on behalf of plaintiffs into Fund III — is meritless and unreasonable, as defendants, who controlled Fund III, were aware of the facts when they made the false filings (see Matter of Ansonia Assoc., L.P. v Unwin, 130 AD3d 453, 454 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024