People v Elias (2025 NY Slip Op 52041(U))

[*1]

People v Elias (Bishoy)

2025 NY Slip Op 52041(U)

Decided on December 22, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 22, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570305/25

The People of the State of New York, Respondent,
against
Bishoy M. Elias, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Josh E. Hanshaft, J.), rendered December 14, 2022, after a jury trial, convicting him of forcible touching and sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Josh E. Hanshaft, J.), rendered December 14, 2022, affirmed.
The verdict convicting defendant of forcible touching (see Penal Law § 130.52) and sexual abuse in the third degree (see Penal Law § 130.55) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We find no basis to disturb the jury's determination that defendant was the individual who slapped the buttocks of the victim on a Soho street at about 11:45 p.m. The victim testified that after she was slapped, she turned to yell at defendant, and then followed him, using her cell phone to video defendant getting into his car. The victim testified that she was "absolutely certain" that the person who entered the car was her assailant. The video footage depicted defendant's profile and licence plate as he drove away.
Defendant's claim that the victim's testimony was incredible, inconsistent and undermined by gaps in evidence raises issues of credibility that were properly placed before the jury, and we find no reason to disturb its determination (see People v Scoggins, 227 AD2d 204, 204 [1996], lv denied 88 NY2d 994 [1996]).
The court providently exercised its discretion in denying defendant's request to enter records from his employer, Grubhub, which he offered in an effort to show that he was allegedly delivering food in Brooklyn until 11:32 p.m. Business records are not self-proving and are customarily offered through a custodian or employee of the business organization that created them, who can explain the record-keeping of the organization (see Elkaim v Elkaim, 176 AD2d 116 [1991], lv dismissed 78 NY2d 1072 [1991]). Here, defendant did not lay any foundation for [*2]the admission of these documents (see CPLR 4518 [a]; People v Kennedy, 68 NY2d 569 [1986]).
Significantly, the documents were not marked as an exhibit on the judgment roll and are not part of the record on appeal. The records are described as Excel spreadsheets and the affidavit of a company employee accompanying the records mentioned three documents, while the defense was seeking to admit four documents, and there was no information explaining this discrepancy. Given the state of the record, it cannot be seriously argued that the Grubhub records are so patently trustworthy as to be self-authenticating, without the need of a qualifying witness (see People v Ramos, 13 NY3d 914, 914-915 [2010]; People v Kennedy, 68 NY2d at 577, n 4; Matter of Hassine, 222 AD3d 522, 524 [2023] [tables and spreadsheets, that bear no indication of who created them, are not self- authenticating]). Moreover, without authentication of the accuracy of the time depicted in the records, the records would have been misleading (see People v Ramirez, 44 AD3d 442, 444 [2007], lv denied 9 NY3d 1008 [2007]). Significant in this regard is defendant's testimony that the delivery time depicted in the records was recorded when he marked the assignment complete in the Grubhub app. Therefore, the recorded time in the records did not constitute concrete proof of the actual time he handed the food to the customer in Brooklyn.
We also find defendant's arguments to be unavailing with respect to the applicability of the CPLR article 31 provisions to this criminal proceeding. In any event, even if applicable, defendant failed to comply with the notice requirements of the cited provision.
Similarly, the court providently exercised its discretion when it denied defendant's request for an alibi charge. Throughout his testimony, defendant made repeated attempts to provide vague and equivocal responses such as "I'm not sure," "it looks like my car," "it looks like me," and that he was unable to "say a hundred percent" when asked whether it was either him or his vehicle in the video taken by the victim at 11:46 p.m. However, when prompted by the prosecutor to answer specifically "whether that's you," defendant responded "yes" (T.345). Moreover, after noting that "we all know that it looks like your car," when asked directly "is this a picture of your car" and "do you know it to be your car," defendant responded, "yes, it's my car" (T.344). Finally, defendant's distinct North Carolina vanity license plate - BISH013 (the first four letters of defendant's name) - was clearly depicted in the video. Thus, there was no "reasonable doubt concerning defendant's" whereabouts at the time of the incident (People v Jack, 74 NY2d 708, 709 [1989]). Indeed, on appeal, defendant shifts his argument, contending that the victim, after losing sight of her assailant, decided to "target" defendant as he sat in his vehicle, "erroneously believing" that he was the individual who smacked her buttocks.
In any event, even accepting defendant's contention that an alibi or partial alibi charge should have been provided, we would find no basis for reversal because the charge as a whole conveyed the same principles as those underlying an alibi instruction (see People v Warren, 76 NY2d 773, 775-776 [1990]; People v Edwards, 3 AD3d 504, 504-505 [2004], lv denied 2 NY3d 762 [2004]; People v Pinkney, 300 AD2d 79, 79 [2002], lv denied 99 NY2d 631 [2003]). Significantly, the court specifically told the jury that the People have to prove beyond a reasonable doubt "every element of the crime, including that defendant is the person who committed the crime"; "defendant is not required to prove or disprove anything"; and that the burden of proof "never shifts from the People to the defendant." Thus, the charge given here left no doubt that the People had the burden of proving, beyond a reasonable doubt, both that [*3]defendant slapped the buttocks of the victim at the crime scene and that he was not elsewhere at the same time (see People v Warren, 76 NY2d at 775-776).
Defendant failed to preserve his challenges to the prosecutor's summation (see People v Romero, 7 NY3d 911, 912 [2006]; People v Ryant, 234 AD3d 558, 560 [2025], lv denied 43 NY3d 965 [2025]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 143 [1997], lv denied 91 NY2d 976 [1998]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: December 22, 2025