Spence v Brosnan Risk Consultants, Ltd. (2026 NY Slip Op 00599)

Spence v Brosnan Risk Consultants, Ltd.

2026 NY Slip Op 00599

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 651698/23|Appeal No. 5767|Case No. 2025-00192|

[*1]Kareem Spence etc., Plaintiff-Respondent,
vBrosnan Risk Consultants, Ltd., Defendant-Respondent. Yvette Walker et al., Nonparty Proposed Intervenors-Appellants.

Lee Litigation Group, PLLC, New York (Rony Guldmann of counsel), for appellants.
Law Office of Mohammed Gangat, New Hyde Park (Mohammed Ahmed Gangat of counsel), for Kareem Spence, respondent.
Constangy, Brooks, Smith & Prophete, LLP, Brooklyn (Jack R. Wallace of counsel), for Brosnan Risk Consultants, Ltd., respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about December 17, 2024, which, to the extent appealed from as limited by the briefs, denied proposed intervenors-appellants' motion to intervene and granted plaintiff's motion for preliminary settlement approval and class certification, unanimously affirmed, with costs.
Intervention may be sought as of right under CPLR 1012 and by permission under CPLR 1013. However, "[d]istinctions between intervention as of right and discretionary intervention are no longer sharply applied" (Matter of HSBC Bank U.S.A., 135 AD3d 534, 534 [1st Dept 2016], quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201 [1st Dept 2010]), and "[i]ntervention is liberally allowed by courts, permitting persons to intervene in actions where they have a bona fide interest in an issue involved in that action" (Yuppie Puppy Pet Prods., Inc., 77 AD3d at 201).
The court properly exercised its discretion in denying intervention. First, while the motion to intervene was not untimely insofar as it was made less than three months after plaintiff's settlement with defendants, granting it would still have delayed resolution pursuant to the negotiated settlement. Supreme Court correctly concluded that proposed intervenors' challenges to the settlement were based on theories of recovery that are largely speculative. In addition, plaintiff is not obviously adverse to the remainder of the class and has sufficient familiarity with the case, his counsel are experienced class action attorneys who have been involved in similar litigation, and the settlement was a product of a deliberate and fair mediation process that was not the product of collusion (see Mater of HSBC Bank U.S.A., 135 AD3d at 534).
Further, the court appropriately determined that because remedies are available to proposed intervenors, including objecting to or opting out of the settlement, they are not prejudiced by the denial of their motion (see Yuppie Puppy Pet Prods., 77 AD3d at 202 ["the potentially binding nature of the judgment on the proposed intervenor is the most heavily weighted factor in determining whether to permit intervention"]).
We have considered proposed intervenors' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026