PH-105 Realty Corp. v Elayaan (2026 NY Slip Op 01619)

PH-105 Realty Corp. v Elayaan

2026 NY Slip Op 01619

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Hagler, JJ. 

Index No. 656160/16|Appeal No. 6135-6136A|Case No. 2024-06281, 2024-06569,|

[*1]PH-105 Realty Corp. et al., Plaintiffs, 181 Edgewater LLC et al., Plaintiffs-Appellants-Respondents,
vMunzer Elayaan, Defendant-Respondent-Appellant, PH-Fulton Corp. et al., Defendants. 181 Edgewater St LLC, Nonparty Intervenor-Appellant. 

Wenig Saltiel LLP, New York (Dan M. Blumenthal of counsel), for 181 Edgewater LLC, appellant.
Aboushi Law Firm, New York (Aymen A. Aboushi of counsel), for appellants-respondents/respondents.
McKool Smith, P.C., New York (James H. Smith of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about October 2, 2024, after a jury verdict, to the extent appealed from as limited by the briefs, adjudging that plaintiff Farhoud Jaber (Jaber) owns 75% of plaintiff 181 Edgewater LLC (Edgewater) and that Edgewater owns the property located at 181 Edgewater Street on Staten Island, and dismissing Jaber's claim of unjust enrichment, unanimously affirmed, without costs. Appeal from so much of an order, same court and Justice, entered on or about September 30, 2024, which denied Jaber's motion to set aside the jury's verdict on unjust enrichment, unanimously dismissed, without costs, as subsumed in the appeal from the aforementioned judgment. Order, same court and Justice, entered September 27, 2024, which denied the motion of proposed intervenor 181 Edgewater St LLC (Edgewater St) to intervene in this action, unanimously affirmed, without costs.
Supreme Court properly applied the tax estoppel doctrine to establish the parties' ownership of Edgewater up until 2014, as application of the doctrine was law of the case (see David v Persaud, 135 AD3d 530 [1st Dept 2015]; J-Mar Serv. Ctr., Inc. v Mahoney, Conner & Hussey, 45 AD3d 809 [2d Dept 2007]). Defendants' corporate tax returns, signed by defendant Munzer Elayyan (Elayyan) and filed for the years 2010 through 2014, contained factual statements that Jaber held a 75% ownership interest in Edgewater during that time. As this Court has already found on a prior appeal, these returns and the statements in them preclude defendants from taking a contrary position in this litigation (PH-105 Realty Corp. v Elayaan, 183 AD3d 492, 492 [1st Dept 2020]). Although Elayyan now contends that one of the returns was not signed and that Jaber failed to prove that certain returns were filed, these contentions contradict statements Elayyan made in the prior appeal. Further, our decision on the prior appeal in this action refers to "corporate tax returns for the years 2010 through 2014, signed by defendant Elay[y]an" (id. at 492).
Elayyan's contention that his trial evidence proved as a matter of law that Jaber was lawfully divested of ownership is meritless. Jaber testified at trial that he never agreed to give up his 75% interest in Edgewater. Further, nonparty Vadem Brodsky, who undisputedly owns 25% of Edgewater, testified that Jaber never asked to be removed as a 75% owner of Edgewater. The jury was entitled to credit that testimony.
In addition, Elayyan lacks standing to challenge the jury's finding that Edgewater owns the property. According to Elayyan's own testimony, he and his family sold their 75% ownership interest in Edgewater in December 2021, and the jury rendered its verdict in February 2024. In any event, Elayyan's challenge to the jury finding is unavailing. The pleadings contained a request that Edgewater be declared the rightful owner and title holder of the property and there was testimony and evidence submitted on the issue at trial.
Supreme Court also properly denied Jaber's motion to set aside the jury's verdict denying his unjust enrichment cause of action. Viewing the evidence in the light most favorable to Elayyan, the jury reached its decision upon a fair interpretation of the evidence (see Cahill v Triborough Bridge & Tunnel Auth., 31 AD3d 347, 349 [1st Dept 2006]). Jaber admitted at trial that he did not fund the purchase of the property and never paid for any of the carrying costs. Elayyan testified that he never made any money from the property but merely incurred expenses without receiving any income, and therefore that he was not enriched, unjustly or otherwise (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]).
Nor is Jaber entitled to a new trial on the unjust enrichment claim. This Court's prior ruling on tax estoppel did not bar Elayyan from testifying about his capital contributions or about his sole responsibility for carrying costs; rather, he was estopped by the prior ruling only from denying Jaber's 75% ownership interest in Edgewater between 2010 and 2014 (PH-105, 183 AD3d at 493). Jaber's contention that the court should have allowed the jury to consider whether to award punitive damages on his unjust enrichment cause of action is likewise meritless (see Rosenberg, Minc & Armstrong v Mallilo & Grossman, 39 AD3d 335, 336 [1st Dept 2007] [cause of action for unjust enrichment "effects disgorgement without regard to moral culpability']).
As to Edgewater St's motion to intervene, the court properly denied that motion as untimely (see Matter of HSBC Bank U.S.A., 135 AD3d 534, 534 [1st Dept 2016]; RKH Holding Corp. v 207 Second Ave. Realty Corp., 236 AD2d 254, 255 [1st Dept 1997]). Plaintiffs filed a notice of pendency in Richmond County, the county where the property is located, in December 2016, thus giving notice of this action to the public. In addition, Edgewater St had specific notice of this action by way of two separate events. First, in August 2022, Jaber moved to enjoin Edgewater St from interfering with the use, right, possession, or title to the property and to direct it to transfer the property back to Edgewater. Second, the July 2023 subpoena that plaintiffs issued Edgewater St included the amended complaint, which asked the court to declare that Edgewater was the rightful owner and title holder of the property. Indeed, Edgewater St concedes that it had actual or constructive notice of this action. Nevertheless, it did not move to intervene until March 2024, after the jury had rendered its verdict. Because Edgewater St, a purchaser of real property, had actual knowledge of the lawsuit, it is bound by the consequences of that suit (see Da Silva v Musso, 76 NY2d 436, 439 [1990]).
We have considered the remaining arguments, including arguments concerning the court's evidentiary rulings, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE 
DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026